225 F.2d 859
 Louis GOLD, doing business as the Gold Desk and Safe Company, Appellant,
v.
H. M. GERSON, Trustee in Bankruptcy of Robert Steinberg, doing business as Pacific Litho-Art Company, Amalgamated Creditors Exchange and Jerry's Market, Bankrupt, Appellee.
 No. 14584.
 United States Court of Appeals Ninth Circuit.
 September 19, 1955.
 
 1
 Alfred Lubin, Beverly Hills, Cal., Marshall Abbott, Beverly Hills, Cal., for appellant.
 
 
 2
 Craig, Weller & Laugharn, William E. Bartley, Los Angeles, Cal., for appellee.
 
 
 3
 Before STEPHENS and FEE, Circuit Judges, and TAYLOR, District Judge.
 
 
 4
 TAYLOR, District Judge.
 
 
 5
 Robert B. Steinberg petitioned for an Arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in the United States District Court for the Southern District of California, Central Division. The petition was approved and an Order of Reference to a Referee in Bankruptcy entered on January 27, 1954. The Order of Adjudication in Bankruptcy was dated April 21, 1954.
 
 
 6
 On February 19, 1954, a Reclamation Petition was filed by Appellant for the recovery of certain office furniture and equipment from H. M. Gerson, Trustee in Bankruptcy, the Appellee here. A hearing was had before the Referee in Bankruptcy and from the evidence introduced the Referee made and entered Findings of Fact, Conclusions of Law and an Order denying said Petition. On a Petition for Review the District Court adopted the findings of the Referee and confirmed the Order of the Referee denying the petition of Appellant. This appeal is from said Order.
 
 
 7
 Appellant and Bankrupt entered into a transaction whereby appellant was to sell Bankrupt certain new office furniture and equipment and make an allowance on the furniture to be turned in by the Bankrupt. At the time of delivery of said furniture by Appellant, certain invoices or delivery receipts were presented to Bankrupt or his employees, some of which Bankrupt signed and others were signed by certain employees of Bankrupt. Each of said invoices or receipts, at the bottom thereof, read as follow:
 
 
 8
 "It is agreed that the purchaser shall pay $.......... on execution of this agreement and the sum of $............. on each..........., commencing.
 
 
 9
 "The purchaser and/or lessee agrees that title to merchandise listed herewith, shall remain in Gold Desk & Safe Co. until entire purchase price has been paid and purchaser and/or lessee, agree to permit removal of same, with or without process of law, if not paid for within time stipulated, and to pay any and all expenses of collection or removal of said merchandise including a reasonable attorney fee. It is further understood that any sums paid on account prior to any repossession of above listed merchandise shall be as and for liquidated damages. At the option of the seller, upon default of any single payment, the said seller may declare the entire balance due, and sue for the purchase price thereof. Time is of the essence of this agreement.
 
 
 10
 "The above goods received in good order.
 
 
 11
 .....................
 "Buyer.
 "Signed...............
 "By..................."
 
 
 12
 The blank spaces contained in the above-quoted form were not filled in.
 
 
 13
 Appellant contends that until a definite agreement was reached with the Bankrupt as to prices and manner of payment the furniture delivered by him was on a rental basis for which Bankrupt was to pay $100 per month; that by virtue of said invoices or receipts and an oral agreement he was to retain title to said property until the definite figures were arrived at and the necessary papers executed. Appellee contends, and there is evidence to support such contention, that Bankrupt purchased said items on open account and there was never any agreement whereby Appellant was to retain title.
 
 
 14
 Most of the points urged by Appellant involve questions of fact. On conflicting, and in some instances contradictory evidence, the Referee made Findings of Fact which were adopted by the trial court. It was found from the evidence that there was no agreement, written or oral, between Appellant and Bankrupt by which title to the personal property in question was to be retained by Appellant. Such findings are presumptively correct and will not be set aside unless clearly erroneous. Fed. Rules Civ.Proc. rule 52(a), 28 U.S.C.A. The findings of the Referee and the trial court are sustained by the record and are clearly not erroneous.
 
 
 15
 The Referee and trial court concluded as a matter of law that the written material on the invoices did not constitute a contract. With this conclusion we agree. The delivery receipt was silent as to the sum to be paid upon delivery of the property. It was silent as to the amount of each payment, assuming they were to be periodic and as to the dates at which such periodic payments were to be made. No date was set for the commencement of the series of payments, if any. Most important was the fact that no date was set when the payments had to be made, either periodic or in toto. Such terms were necessary in order to give validity to a written agreement of conditional sale.
 
 
 16
 There were three payments of $100.00 each which were credited on open account. The mere fact that the conditional sales agreement and the agreement to turn in some other furniture in exchange were null and void because the parties did not have a meeting of mind on the terms of the transaction does not mean that there was not a sale. It is true generally that, if no price is fixed in the contract, the law upon delivery and acceptance of the commodity sold implies an understanding between the parties that a reasonable price is to be paid. Here there was delivery and certain payments were made. Therefore, the sale was consummated. The bankrupt was then indebted to appellant in the amount of the reasonable price of the furniture. The balance unpaid constitutes a proper claim in the bankruptcy proceeding.
 
 
 17
 Since from the evidence it appears and was found that there was no agreement of any kind by which title to said property was retained by the Appellant, the Referee and trial court correctly concluded that title to said property passed to the bankrupt on delivery and now rests in Appellee.
 
 
 18
 The Judgment is affirmed.