In The Matter of RAFDO ENTER-PRISES, INC., d/b/a The Black Orchid, a Corporation, Bankrupt.

J. B. COHEN, d/b/a Consolidated Service Bureau, Appellant,

v.

James E. KENNEDY, Trustee in Bankruptcy of Rafdo Enterprises, Inc., Appellee.

No. 13467.

United States Court of Appeals Seventh Circuit.

Jan. 10, 1962.

Joseph W. Grady, Chicago, Ill., for appellant.

Sherwin O. Simon, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

A petition and amended petition was filed by appellant to recover $625.00

from the Trustee in Bankruptcy, the appellee here. A hearing was had before the Referee in Bankruptcy who made and entered findings of fact and conclusions of law, and an order denying said petition and amended petition. On petition for review the District Court confirmed the order of the referee denying the petitions. This appeal is from said order.

The record shows that on March 14, 1961 the trustee filed his report and account affixing thereto numerous schedules, including Schedule "F" entitled "Uncollected Accounts Receivable to be offered for sale at final meeting of creditors." Said Schedule "F" listed the names of debtors, the amounts of their indebtedness and the cause of non-collection such as "skip", "payment promised", "contested", "denies liability", etc. The said final report also detailed the efforts that had been made on behalf of the trustee to collect these delinquent accounts. A notice of the final meeting of the creditors was issued on April 12, 1961 advertising that the uncollected accounts receivable would be offered for sale on April 27, 1961. On said date the sale was had by competitive bidding in open court and the appellant bid the amount of $625.00 "for the Trustee's right, title and interest in and to the accounts" upon acceptance of which a draft order was issued authorizing the trustee to execute such documents as might be necessary in transferring and setting over to appellant all of the trustee's right, title and interest in and to the uncollected accounts receivable without any warranty or guaranty.

On May 8, 1961 the appellant presented his petition to vacate the sale and the paragraphs which are important in this case are paragraphs 3 and 4 of said petition, which are:

"3. Your petitioner represents that a great bulk of the accounts receivable have denied any obligation or else insisted upon a set off, counter-claim or recoupment in excess of

the amount of the accounts receivable."

"4. Your petitioner represents that it is inequitable to allow such a sale to stand."

A hearing was held on said petition and the referee denied the petition. The hearing was then continued to May 24, 1961 and an amended petition was filed which set up substantially the same matters as were set up in the original petition only in a little more detail. The referee entered his formal order on May 24, 1961 denying the petitions and incorporating therein his findings and legal conclusions upon which the denial was based. On May 31 a petition for review was filed upon which the referee's certificate issued on June 15, 1961 setting a hearing for June 19 before the trial judge. On June 23, the District Court handed down its opinion affirming the referee on due consideration of the record.

The accounts offered for sale were available for inspection. The records of the bankrupt and correspondence of the trustee were available for inspection. The final report filed in the proceedings indicated the precariousness of the uncollected accounts. The sale was without warranty and without guaranty, and there was competitive bidding for the trustee's right, title and interest only.

■ Appellant complains of the trustee's failure to file a formal answer to appellant's petitions. But such argument does not merit consideration here. Appellant proceeded to a hearing on the merits of the petitions without objection and failed to raise this issue before the referee or before the trial court on review. Appellant is in no position to protest for the first time on appeal. Not only have we had occasion to point out in In re Tucker Corporation, 7 Cir., 256 F. 2d 808, 811 that:

"Pleadings in bankruptcy often are not as formal as in other types of litigation. The Trustee did not make a demand for a more particular statement. We think no one was misled as to the issues which the claimants were tendering"

but also Rule 61, Federal Rules of Civil Procedure (28 U.S.C.A.) requires that we disregard any error or defect in a proceeding which does not affect the substantial rights of the parties.

 The referee made findings of fact left undisturbed by the trial court. Such findings are presumptively correct and will not be set aside unless clearly erroneous. Gold v. Gerson, 9 Cir., 225 F.2d 859, 861. In the instant case the findings are amply supported by the record and the District Court did not err in its conclusions.

The judgment order of the District Court is affirmed.

Affirmed.