## DREYER v. PERKINS.

### In re PERKINS LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. November 3, 1914.)

### No. 2644.

BANKRUPTCY (§ 288*)—JURISDICTION OF COURT—SUMMARY PROCEEDING.

A court of bankruptcy is without jurisdiction in a summary proceeding to decree specific performance of a contract made by a bankrupt by directing his trustee to execute a conveyance of land.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition for Revision in Matter of Law of a Decree of the District Court of the United States for the Southern District of Georgia; Wm. B. Sheppard, Judge.

In the matter of the Perkins Lumber Company, bankrupt. Petition by Joseph M. Dreyer, trustee, to revise a decree in favor of H. W. Perkins. Modified.

Frederick T. Saussy, of Savannah, Ga., for petitioner.
Edw. S. Elliott, of Savannah, Ga., opposed.

Before PARDEE, Circuit Judge, and GRUBB and CALL, District Judges.

CALL, District Judge. In the bankruptcy case of the Perkins Lumber Company, H. W. Perkins filed an intervention, setting up, in short, that by certain arrangements, set out in said petition, he had been put in possession of certain land theretofore belonging to the bankrupt under an understanding that same was to be conveyed to him in fee simple, but deed had never been made, and praying that the trustee of the bankrupt's estate be required to make such deed to said lands to said Perkins, and the schedules of said bankrupt, in which said land was described, be corrected by eliminating said land therefrom. On this petition a rule nisi was issued, and said intervention was answered by the trustee, setting up various reasons why the prayers of the intervention should not be granted on the merits, and concluding with the prayer that the possession of the property be surrendered to the trustee to be administered, and that the answer be taken as a cross-bill for the purpose of recovering the land.

The referee thereupon proceeded to take testimony on the issues made by said intervention and answer, and on September 13, 1912, ordered the bankrupt's schedule to be corrected by striking therefrom the land described in the intervention; that the trustee in bankruptcy make a deed to H. W. Perkins for whatever interest the Perkins Lumber Company had or might have in the land. Within the time allowed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by law, the trustee filed his petition for review by the judge of the District Court of this order, and on December 27, 1913, the District Court passed a final order confirming the ruling of the referee. It is this order of the District Court that is brought up for revision.

After the examination of the record and briefs in the case, we are of the opinion that the order or ruling of the referee went too far in requiring the trustee of the bankrupt to execute and deliver a deed of whatever rights the bankrupt may have had in the real estate to H. W. Perkins. The referee under the Bankrupt Act is not vested with the power to order specific performance of a contract, and this is what he attempted to do in this case. It is unquestioned the petitioner, Perkins, was in possession of the land in question, for some years prior to the bankruptcy proceedings, claiming title thereto adverse to the bankrupt. The District Court, under such state of facts, had no jurisdiction to proceed under summary proceedings to adjudicate the rights of the trustee or the adverse holder, as was attempted in this cause. While it is questionable whether the matter sought to be litigated herein was such as should have been brought by summary proceedings, still each of the parties sought that method and asked affirmative relief therein, and we therefore do not decide that question.

We see no error of law in the order of the District Court, affirming the ruling of the referee, except as above pointed out, and this cause is one of revision in matter of law. The ruling of the referee and judgment of the District Court should be amended, by striking from said ruling the portion requiring the deed from the trustee in bankruptcy; and the judgment, thus amended, is affirmed.

The costs of this court will be taxed against the petitioner, H. W. Perkins, who first invoked the summary jurisdiction of the District Court.