ALBIN *v.* COWING PRESSURE RELIEVING
JOINT CO. ET AL.

No. 234.   Submitted November 20, 1942.—Decided December 7, 1942.

*Mr. Lewis E. Pennish* submitted for petitioner.

*Mr. Charles Aaron* submitted for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner filed an involuntary petition in bankruptcy against respondent, who answered denying the allegations of the petition.   Prior to adjudication, the bankruptcy court entered an *ex parte* order, on petition of the same creditor, restraining the prosecution by respondent or its agents of a suit in the Illinois state courts on a claim against one Fisher, in which suit, it was alleged, Fisher had filed counterclaims which would exceed the amount of the respondent's claim.   Thereafter, on petition of respondent and after notice to all parties and a hearing, the bankruptcy court vacated the restraining order.   This likewise was, so far as appears, prior to an adjudication.

Petitioner appealed. The Circuit Court of Appeals dismissed the appeal "for lack of jurisdiction." The case is here on certiorari.

Sec. 24 (a) of the Chandler Act (52 Stat. 854, 11 U. S. C. § 47) gives the Circuit Courts of Appeals appellate jurisdiction from courts of bankruptcy "in proceedings in bankruptcy, either interlocutory or final." An order of the bankruptcy court vacating a restraining order against prosecution of a suit in a state court is, like a stay order itself, a proceeding in bankruptcy. See *Harrison Securities Co.* v. *Spinks Realty Co.*, 92 F. 2d 904; *Taylor* v. *Voss*, 271 U. S. 176, 181. The amendments to § 24 (a) made by the Chandler Act practically abolished the distinction between appeals as of right and by leave. S. Rep. No. 1916, 75th Cong., 3d Sess., p. 4. And see *Dickinson Industrial Site* v. *Cowan*, 309 U. S. 382, 385–388. Whatever may still be the possible limitations on the reviewability of interlocutory orders (see *In re Hotel Governor Clinton*, 107 F. 2d 398; *Federal Land Bank* v. *Hansen*, 113 F. 2d 82, 84–85), no reason appears why this one cannot or should not be reviewed. Nor does it appear from the record which is before us that the issue is moot. We intimate no opinion on the merits. The judgment is reversed and the cause remanded to the Circuit Court of Appeals for proceedings in conformity with this opinion.

*Reversed.*