## In re CHICAGO RAPID TRANSIT CO.
### ELWARD v. FALLON.
#### No. 10659.

United States Court of Appeals
Seventh Circuit.

Dec. 11, 1952.

Rehearing Denied Jan. 13, 1953.

Edward S. Macie, Chicago, Ill., for appellant.

Thomas I. Marshall, David A. Watts, Philip Conley, and Charles T. Martin, Jr., all of Chicago, Ill., for appellees.

Before KERNER, DUFFY, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from the denial of a motion with supporting affidavit, filed under § 144 of the Judicial Code,* to disqualify the district judge and special master after remand of the cause by this court for fur-

* 1948 Revised Criminal Code, 18 U.S.C.A. § 282.

ther proceedings in the matter of the settlement of a disputed claim in a proceeding under § 77B of the Bankruptcy Act, 11 U. S.C.A. § 207.

The proceeding is one which was instituted in 1937 and has progressed to the point where only this one disputed claim remains for settlement, holding up distribution of the final dividend to first mortgage bondholders, all properties of the debtor having been sold in 1947 to the Chicago Transit Authority. The matter previously before this court was on the appeal of this appellant and other creditors holding an aggregate of approximately 11% of the first mortgage bonds from an order approving a settlement reached between the claimant, Chicago Junction Railway Company, and a group of bondholders representing approximately 40% of the bonds. The SEC had also joined in objections to the proposed compromise on the ground that the amount of the settlement, $1,125,000, was grossly in excess of the actual value of the claim, if any, and it also participated in the appeal. The trustee and his counsel who refrained from taking any position on the proposed settlement during negotiations and hearings before the master, recommended its approval by the court solely on the grounds of expediency, and on such grounds the court approved it without any findings of fact as to the merits of the claim. We held that, in view of the apparent conflict in legal and accounting theories giving rise to what appeared to us to be a serious question as to who owed whom, expediency and confidence in the integrity and ability of the trustee and counsel recommending the settlement did not constitute sufficient basis for the approval of the compromise and allowance of the claim in the amount agreed upon. We therefore remanded for further proceedings. 196 F.2d 484.

By our mandate we intended to suggest that the parties resume negotiations, considering the factors essential to a fair settlement of the conflicting claims, without recourse to the heavy burden of a full accounting to determine the precise amount due. We assumed that this would be done by the parties who are familiar with these proceedings from long experience, and under the supervision of the same master and court who have also had long experience with the proceedings. We did not contemplate that it would be necessary or advisable to start hearings all over again from the beginning, introducing all evidence pertaining to the accounting anew, before a new master, under the supervision of a new court. We had supposed that sufficient had already been accomplished in the hearings to enable the trustee and Junction, representing conflicting claims, to reconcile their differences and arrive at some reasonable settlement which could be supported by sound legal and accounting theories or which would not be so out of line with sound accounting practices that its approval would again be subject to reversal for lack of adequate findings supported by substantial evidence.

Contrary to our expectation, immediately upon the filing of the mandate of this court in the district court, appellant filed his motion to remove the judge and master, and, by his affidavit in support, he also asserted the bias and prejudice of every district judge in the Northern District of Illinois, thus seeking to prevent reassignment to any judge of this district and also to prevent rereference to any regular master or referee of this district. The motion was denied and the affidavit stricken on the three-fold ground that appellant was not a party to the cause, entitled to file the motion and affidavit, and that they were neither timely nor sufficient.[2]

Without stating or considering the allegations in support of the affidavit of bias, or the matter of the propriety of appellant's participation in the proceedings, we think the court rightly held that it was not timely filed. However, we are convinced that the question is not properly be-

---

2. It appears that after the judge had heard brief oral argument on the matter and taken it under advisement, appellant and the other objecting creditors filed a similar motion seeking removal of the trustee and his counsel and appointment of a new trustee with directions that he employ new attorneys for the estate. The order here appealed from does not dispose of that motion.

fore us for the reason that, as we understand the authorities, the denial of a motion to disqualify is not of itself an appealable order. The rule is stated in Ex parte American Steel Barrel Company, 230 U.S. 35, 45, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379. In that case, involving a bankruptcy proceeding, a party sought mandamus to compel a judge to resume jurisdiction of the cause after he had wrongly disqualified himself, according to petitioner. The Supreme Court stated that "[if the judge] had ruled that the affidavit had not been filed in time, or that it did not otherwise conform to the requirement of the statute, and had proceeded with the case, his action might have been excepted to and assigned as error when the case finally came under the reviewing power of an appellate tribunal." Likewise, in Bowles v. Culhane, 7 Cir., 151 F.2d 504, 505, this court stated: "Defendant must reach a final decision in the trial before he can secure a review of the alleged error which occurred in refusing him a change of venue." And in Skirvin v. Mesta, 10 Cir., 141 F.2d 668, 671, a receivership case, the court said "An order denying an affidavit of disqualification is neither an interlocutory order from which a separate appeal will lie nor a final decision. * * * But the action of the court in striking such an affidavit or otherwise holding it insufficient may be assigned as error and reviewed on appeal from an interlocutory order which is appealable or from the final judgment in the case."

Appellant contends that this is not the law in bankruptcy cases, distinguishing the American Steel Barrel case on the ground that it arose in 1913, prior to the enactment of the Chandler Act which amended § 24 of the Bankruptcy Act to permit appeals from interlocutory orders in proceedings in bankruptcy as of right. 11 U.S.C.A. § 47, sub. a. While the amendment of § 24, sub. a of the Act "practically abolished the distinction between appeals as of right and by leave," it still left some limitations on the reviewability of interlocutory orders. Albin v. Cowing Pressure Relieving Joint Co., 317 U.S. 211, 63 S.Ct. 170, 171, 87 L.Ed. 212. It did not render appealable the various ones which determine nothing with respect to the administration of the estate. Before an interlocutory order is appealable it must substantially determine some issue or decide some step in the course of the proceeding. 2 Collier on Bankruptcy (14th Ed.) ¶ 24.39. Cf. Federal Land Bank v. Hansen, 2 Cir., 113 F.2d 82, 84; In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398; Delatour v. Meredith, 2 Cir., 144 F.2d 594; and In re Chicago, R. I. & P. Ry. Co., 7 Cir., 160 F.2d 942. It was held in the case, In re Manufacturers Trading Corp., 6 Cir., 194 F.2d 948, 953, that the denial of a motion to quash a subpoena duces tecum was not such an order, even though it admittedly "might affect some substantial right of appellant" inasmuch as failure to comply might result in contempt proceedings. So here, we think disposition of a motion to disqualify the judge and master is not an action which arises with respect to the administration of the debtor's estate or in any way determines any issue in the debtor proceeding and therefore is not appealable. See also City of Fort Lauderdale v. Freeman, 5 Cir., 197 F.2d 122.

We do not find Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, on which appellant relies, inconsistent with this view. There questions as to the construction of the disqualification section arose on review in due course of a final judgment of conviction in a criminal case after the district judge had denied a motion to disqualify. The Court held that the trial judge had wrongly undertaken to pass on the veracity of the affidavit and, finding the facts untrue, had wrongly proceeded with the trial of the cause. No question was raised as to the timeliness of filing or the sufficiency of the facts if true. We think the case is no authority for a ruling that an order denying a similar motion on the ground that it was neither timely nor sufficient is appealable.

Appeal dismissed.