**TEXAS & N. O. R. CO.**
v.
**PHILLIPS.**
No. 14622.

United States Court of Appeals
Fifth Circuit.
April 9, 1954.

Rehearing Denied June 2, 1954.

**420**

Ben White, Houston, Tex., Baker, Botts, Andrews & Parish, Houston, Tex., of counsel, for appellant.

Fred Much, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

## HOLMES, Circuit Judge.

This is a proceeding by the trustee in bankruptcy against the Texas and New Orleans Railroad Company for specific performance of an option to purchase real property described in a lease for ten years given by the Railroad to the bankrupt. The appellant filed its motion to dismiss the petition for lack of jurisdiction. The referee denied the motion to dismiss, and the court below affirmed.

This is the second time that the parties have been before this court. In an earlier proceeding, reported in 5 Cir., 196 F.2d 692, the appellant sought the cancellation of the lease and the surrender of the leased premises to it. The court denied the petition of appellant, and held that it was not entitled to a cancellation of the lease because it had not been terminated, and the option to purchase was not limited to a sale on credit so as to make it personal to the lessee. The principal question on this appeal is whether the referee in bankruptcy had jurisdiction to entertain the petition by the trustee.

We agree with the appellant that the relief prayed for requires a plenary proceeding, and that the bankruptcy court did not have jurisdiction in rem over the railroad's reversionary interest in the leased premises. A suit for specific performance is a suit in personam. It is well settled that, without the consent of the adverse claimant, a court of bankruptcy is without jurisdiction in a summary proceeding to adjudicate a controversy over property held adversely to the bankrupt estate. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433; In re Ballou, D.C., 215 F. 810; Dreyer v. Perkins, 5 Cir., 217 F. 889; Chandler v. Perry 5 Cir., 74 F.2d 371; Collier on Bankruptcy, Sec. 38.09, p. 1425.

In this case, the trustee in bankruptcy has possession of the tangible property described in the lease, but it does not have possession of the railroad's reversionary interest. As in Benton v. Callaway, 5 Cir., 165 F.2d 877, affirmed 336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553, the trustee is not disputing the lessor's title but is seeking to acquire it. Consent of the lessor is lacking, because it has consistently resisted the petition of the trustee and has made formal protest against the exercise of summary juris-

diction by the bankruptcy court. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97.

The trustee in bankruptcy is in possession of all the tangible property in controversy, but he has only a leasehold estate therein. The incorporeal reversionary interest of the lessor arose by operation of law when the leasehold was carved out of the fee simple title. It is a vested future interest to commence after the termination of the lease. In the case of a tangible res, there can be possession in fact as well as in contemplation of law; but in the case of something intangible, possession is purely a legal concept that manifests itself only through recognition of legal consequences. The legal consequences of a debtor's possession at the time of bankruptcy are that his trustee in bankruptcy succeeds to the debtor's possession, and the bankruptcy court acquires summary jurisdiction in rem to adjudicate adverse claims respecting the asset. Therefore, for practical reasons, the law attaches to the ownership of intangible property the legal consequences of possession of a tangible asset.

■ In the instant case, the law limits the possession of the leased property to the duration of the lease, while it attaches to the ownership of the reversion in fee the legal consequences of possession. Such reversion, not being owned by the bankrupt at the time of bankruptcy, is in legal contemplation not now in possession of the bankruptcy court; and, since the law attributes to its mere ownership the legal consequences of possession, the bankruptcy court has no jurisdiction in rem of said reversionary interest, because the law also attributes to ownership the jurisdictional consequences of possession adversely held by a third party under a *bona fide* claim of ownership. Possession of the res is the basis of the bankruptcy court's exclusive and summary jurisdiction in rem, and neither actual nor constructive possession of the railroad's reversionary interest in the leased property is present in the case before the court.

As to the order under review being appealable to this court, Section 24 of the Bankrupcty Act, as amended, 11 U.S.C.A. § 47, invests this court with appellate jurisdiction from the several courts of bankruptcy in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact, with provisos that are not pertinent here. Undoubtedly this appeal is from an interlocutory order. If it is from an interlocutory order in a proceeding in bankruptcy, it is appealable; if it is from an interlocutory order in a controversy arising in proceedings in bankruptcy, it is not appealable. Universal Oil Products Co. v. Cosden Petroleum Corporation, 5 Cir., 178 F.2d 495.

Since the court below was proceeding in a summary way, that is by calling on the lessor to show cause why the relief sought should not be granted, instead of summoning the defendant by formal process to appear and answer the petition, this order should be regarded as a proceeding in bankruptcy, though it also was made in a controversy arising in proceedings in bankruptcy. In other words, the order appealed from has dual characteristics, and may be regarded in a dual aspect. The question is not free from doubt; in form it is a proceeding in bankruptcy; in substance it is a controversy arising in a proceeding in bankruptcy. Albin v. Cowing Joint Co., 317 U.S. 211, 63 S.Ct. 170, 87 L.Ed. 212; In re Margolies, 2 Cir., 266 F. 203; In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398; Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 14 A.L. R.2d 1349; Theard v. Fidelity & Deposit Co., 5 Cir., 202 F.2d 880; Collier on Bankruptcy, Section 24.39, p. 790.

■ The distinction between proceedings and controversies arising in proceedings is sometimes so close that the solution depends upon the manner in which the bankruptcy court's jurisdic-

tion is invoked, as well as on the character of the proceeding involved. In the instant case, the trustee, the referee, and the district judge, all three, evidently regarded it as a proceeding in bankruptcy, and it has been necessary for us to decide the jurisdictional issue on the merits in order to determine whether or not the interlocutory order was appealable. In such circumstances the appeal should be allowed.

Accordingly, the judgment appealed from is reversed and the cause remanded to the district court with directions to dismiss the petition.

Reversed.