224 F.2d 808
 Herbert W. DE LANEY, Jr., Trustee in Bankruptcy, Ralph Waldo
Anderson, Bankrupt, Appellant,
v.
CITY INVESTMENT COMPANY, Appellee, In the Matter of Ralph
Waldo ANDERSON, Bankrupt.
 No. 4981.
 United States Court of Appeals Tenth Circuit.
 Feb. 21, 1955.
 
 Herbert W. DeLaney, Jr., Denver, Colo., for appellant.
 No appearance for appellee.
 Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.
 BRATTON, Circuit Judge.
 
 
 1
 Ralph Waldo Anderson filed in the United States Court for Colorado a petition in voluntary bankruptcy. City Investment Company filed in the proceeding a secured claim. The claim was based upon a note and chattel mortgage executed by the bankrupt. The mortgage covered a truck. The truck was located in Kansas at the time of the execution and delivery of the note and mortgage. The mortgage was filed in the office of the register of deeds of the proper county in Kansas, and under the law of that state it created a valid lien upon the truck. The bankrupt removed the truck to Colorado, and the mortgage was not registered or recorded in that state. The trustee resisted the claim as a secured claim on the ground that the law of Colorado controlled in respect to the validity of the mortgage; and that under the law of that state, the mortgage was invalid. The referee denied the claim as a secured claim but allowed it as a common claim. The proceeding went to the district court on petition to review. The district court filed in the proceeding a memorandum opinion and order. In its opinion, the court expressed the view that under the law of Colorado the validity of the mortgage depended upon whether the mortgagee consented to the removal of the truck into that state. And following the expression of that view, the court ordered the matter remanded to the referee to determine whether the removal of the truck was with the consent of the mortgagee and for such further proceedings as were consistent therewith. The trustee appealed from that order.
 
 
 2
 The record poses at the threshold a question concerning the jurisdiction of this court to entertain the appeal. Section 24, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47, sub. a, makes appealable as a matter of right virtually all interlocutory orders in proceedings in bankruptcy involving $500 or more. Albin v. Cowing Pressure Relieving Joint Co., 317 U.S. 211, 63 S.Ct. 170, 87 L.Ed. 212; Delatour v. Meredith, 2 Cir., 144 F.2d 594; In re American Bantam Car Co., 3 Cir., 193 F.2d 616, 617. But in order to be appealable under the statute, an interlocutory order must determine something. It must substantially determine some issue or decide some step in the course of the proceeding. It must have the character of a formal exercise of judicial power affecting the asserted rights of a party. An interlocutory order which determines nothing adversely to the asserted rights of a party is not reviewable on direct appeal therefrom. Federal Land Bank of Springfield v. Hansen, 2 Cir., 113 F.2d 82; Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 14 A.L.R.2d 1349; In re Manufacturers Trading Corp., 6 Cir., 194 F.2d 948; In re Chicago Rapid Transit Co., 7 Cir., 200 F.2d 341, 33 A.L.R.2d 1360.
 
 
 3
 There was a single well defined issue between the claimant and the trustee. The issue was whether the claim should be allowed as a secured claim. According to the views expressed by the district court in its opinion, the determination of that issue depended upon the validity of the mortgage as the underlying basis for a secured claim. But the order of the district court did not determine whether the mortgage was valid or invalid. It did not purport to do so. It did not allow or reject the claim as a secured claim. It did not have the character of a formal exercise of judicial power adversely affecting the asserted rights of the claimant or the trustee. It merely remanded the proceeding to the referee with an implied command to determine whether the truck was removed into Colorado with the consent of the mortgagee and then enter an order allowing or rejecting the claim as a secured claim, depending upon the fact as determined. Should the referee enter an order allowing the claim as a secured claim, the order would be open to review in the district court; and if the district court should sustain the order of the referee, an appeal would lie to this court. But in the meantime an appeal does not lie from the order of the district court remanding the proceeding to the referee. In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398; In re Von Hoffman, 3 Cir., 117 F.2d 222; In re J. P. Linahan, 2 Cir., 146 F.2d 999; In re Pittsburgh Railways Co., 3 Cir., 164 F.2d 488.
 
 
 4
 The appeal is dismissed.
 
 
 5
 PHILLIPS, Chief Judge, dissenting.
 
 
 6
 The District Court decided that the City Investment Company[1] was entitled to have its claim allowed as a secured claim, if the mortgaged truck was removed to Colorado without its consent, and was only entitled to have its claim allowed as a common claim if the mortgaged truck was removed to Colorado with its consent. In effect, the District Court ordered the matter remanded to the referee to determine whether the removal of the truck to Colorado was with the consent, either express or implied, of the mortgagee, and if it was not, to allow the claim of the mortgagee as a secured claim.
 
 
 7
 The trustee contends that whether the truck was removed to Colorado with or without the consent of the mortgagee is an immaterial factual issue, and that in either event the Colorado Certificate of Title Act, Ch. 114, p. 233, C.S.L.1949, is controlling, and that title to the truck passed to the trustee and the mortgagee is only entitled to the allowance of a common claim.
 
 
 8
 This is not a case where the District Court referred a factual issue to the referee, with instructions to determine the facts and report back to the Court. Rather, it is a case where the District Court remanded the matter to the trustee to determine the factual issue and then to enter an order in accordance with the law laid down in the opinion and order of the District Judge. It is my opinion that the order was definitive in nature and was appealable under 11 U.S.C.A. § 47, sub. a. Certainly, if the trustee's contention with respect to the law was correct, the order of the District Court was adverse to the trustee. I think that § 47, sub. a should be liberally construed, to the end that questions arising in bankruptcy proceedings shall be speedily determined and the administration of the bankrupt estate expedited.
 
 
 
 [1]
 Hereinafter called the mortgagee