**Ray G. GOODMAN et al., Appellants,**

v.

**Joseph E. MICHAEL et al., Appellees.**

**No. 5560.**

United States Court of Appeals
First Circuit.

Heard March 2, 1960.

Decided June 27, 1960.

11, 1959 which dismissed appellants' petition to reorganize the debtor-corporation, Rice-Varick Hotel, Inc., under Chapter X of the Bankruptcy Act, 11 U.S.C.A. Chap. X, § 501 et seq.

The appellants-petitioners are three unsecured creditors of Rice-Varick Hotel, Inc. There is no question on this appeal as to their qualifications under Section 526 of Chapter X to file a petition for reorganization.

The debtor-corporation is a New Hampshire corporation which was adjudicated a bankrupt on February 24, 1959 following an involuntary petition by creditors. The real estate of the debtor-corporation was sold on April 6, 1959 pursuant to a sheriff's sale following levy on executions based on mechanics liens of two creditors. The real estate was sold for $140,000 subject to a first mortgage and tax liens totalling approximately $80,000. The sale of the real estate is subject to an equity of redemption. Additional assets are items of personal property, most of which are subject to various security interests. The ownership of the stock of the corporation is presently the subject of litigation between two groups, each of which filed an answer to the petition for reorganization.

The petition for reorganization was dismissed by the district court after numerous hearings on the question of whether the petition satisfied Sections 543 and 546 of Chapter X. The district court concluded that the petition had not been filed in good faith within the meaning of Sections 543 and 546(3). In its rescript on the dismissal order, the court held that the motivating force behind the petition was one of the shareholders litigating for control of the stock of the corporation. The court then held that while this alone would not be conclusive of bad faith, yet when considered with other factors in the case the petition could not be said to have been brought in good faith. The other considerations relied on by the court were (1) that the dispute over the stock would be a hindrance to any fiscal recovery, (2) that

Edmund L. Twomey, Boston, Mass., with whom Edward J. Davis, Boston, Mass., was on brief, for appellants.

Harold D. Moran, Dover, N. H., with whom Lewis J. Fisher, Dover, N. H., was on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Hampshire entered June

the debtor-corporation was hopelessly insolvent, and (3) that the suggested advancement of new money afforded no solution to this insolvency.

The questions properly raised by this appeal are: (1) whether the district court was clearly erroneous in finding that the petition was not filed in good faith, and (2) whether the district court denied the petitioners a fair and unbiased trial.[1]

■■ We do not believe that the district court was clearly erroneous in its finding of lack of good faith. The specific statutory reference made by the district court was to Section 546(3) which makes it lack of good faith if: "it is unreasonable to expect that a plan of reorganization can be effected." In regard to this requirement, Collier states: "[T]he judge must make some inquiry into the financial condition and expectations of the debtor to ascertain what going-concern values, if any, exists, the measure of the debtor's earning power, the value of its assets and the extent and nature of its liabilities. This assessment and prediction of the debtor's financial future requires only a reasoned estimate, not mathematical certitude. The fact that the debtor is insolvent in the bankruptcy sense is certainly not in itself conclusive as to bad faith, for Chapter

X expressly permits the reorganization of insolvent corporations. But where the debtor is hopelessly insolvent and its financial condition has so far deteriorated that liquidation is the only available expedient, the petition must be dismissed as not filed in good faith."[2]

■ The district court found that the financial picture of Rice-Varick Hotel, Inc. is so hopeless that it was unreasonable to expect that a plan of reorganization can be effected. From the record it cannot be said that the court's finding of between $700,000 and $800,000 in liabilities was clearly erroneous.[3] The value of the equity of redemption was never clearly shown by the testimony so that not even an approximate evaluation of the debtor-corporation's assets could be made by the court. The evidence of the earning power of the debtor-corporation was extremely meager, and certainly cannot be said to show clearly that the district court erred in finding that the financial situation was hopeless.[4] The burden of proving that the petition was brought in good faith is on the petitioners. See Marine Harbor Properties v. Manufacturer's Trust Co., 1942, 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64.

The district court found that a proposal of a loan of some $280,000 would not change the picture of financial hope-

1. The petitioners seek to have reviewed also the district court's affirmance of the decision of the referee in bankruptcy not to enjoin the sale pursuant to the levies on execution. However, that question was a part of the bankruptcy proceeding prior to the filing of the petition for reorganization, and, if petitioners were aggrieved, they could have appealed from that order. See Albin v. Cowing Pressure Relieving Joint Co., 1942, 317 U.S. 211, 63 S.Ct. 170, 87 L.Ed. 212. In any event, the district court was correct in holding that the referee was without jurisdiction to enjoin the sale. See 1 Collier, Bankruptcy ¶2.63 (14th ed.).

2. 6 Collier, Bankruptcy ¶6.09, pp. 1785–86 (14th ed.).

3. There was some dispute as to this but an audit placed the total liabilities at $788,000 on May 31, 1958. Warren

Wurm testified that he had not questioned that audit. He could not remember which accounts had been paid. There was testimony that the liabilities of the debtor-corporation had increased somewhat since the date of the audit.

4. There was evidence of a profit made during four months of 1958. However, there was no evidence that this constituted a normal period, nor was this anything more than a preliminary work sheet for that period. The district court noted that there was a deficit at the last full audit of $168,049.68. The district court also stated that the dispute as to the stock ownership would not promote conditions necessary for a fiscal recovery. In view of the litigiousness of various groups, this consideration has weight on whether a reorganization can reasonably be expected.

lessness of the debtor-corporation. The proposal was not for the addition of any new capital, but merely for a loan with a heavy requirement of security. We agree with the district court's conclusion on this proposed loan.[5]

The district court noted that there was no certainty of agreement by creditors and stockholders on various aspects of this proposed loan. At this stage of the reorganization proceedings, it was not necessary for the petitioners to show consent or likelihood of consent. See 6 Collier, Bankruptcy ¶6.09, pp. 1782–85. However, in view of the other findings of the district court, its statements in this regard are not prejudicial to petitioners.

We do not think that petitioners were denied a fair and unbiased trial by the district court. An answer had been filed by one group which denied that the petition for reorganization was filed in good faith. There was much left vague by the various counsel for petitioners that fully justified close examination into the facts by the district court. Also, certain of the disclosures made to the court warranted the sceptical attitude of the district judge, e. g. the fact that Mr. Davis, who purported to represent only Warren Wurm (not a petitioning creditor) had hired the attorneys for the petitioners and had prepared both the petition and the answer filed by one of the groups claiming the stock of the debtor-corporation.[6]

Judgment will be entered affirming the order of the district court.

5. Complaint is made by petitioners that the district court misunderstood various aspects of the proposed advancement of funds. However, the different counsel for petitioners, apparently unfamiliar with full particulars of the case, presented the plan in varying ways during the hearings. We believe the record and re-script show that the essential nature of the proposal as a secured loan was understood by the district court.

6. An instance of conduct which imposes upon the impartiality of this court is

presented in the brief filed for the petitioners on this appeal by Mr. Davis. Citation of one of our opinions is made by him, followed by a statement of facts, and a quote, without citation, supporting his argument. The quote is taken from the district court opinion which was reversed by this court on appeal. The brief states that the case is authority for a proposition directly contrary to our holding in the case. Since citation is made to our reversing opinion, counsel cannot have been unaware of it.