In the Matter of **WOODMAR REALTY COMPANY, a Corporation, Bankrupt.**
**WOODMAR REALTY COMPANY, a Corporation, Bankrupt, Appellant,**

v.

**William A. SPENCER, Deceased, et al., Appellees.**

No. 13555.

United States Court of Appeals
Seventh Circuit.

June 13, 1962.

CASTLE, Circuit Judge.

Woodmar Realty Company, bankrupt-appellant, seeks reversal of an order of the District Court, entered in the bankruptcy proceeding, denying Woodmar's motions to strike or dismiss thirty-three claims for failure of the claimants to answer interrogatories and for want of prosecution. All of the claims involved are of the type described as "Class 2" in our opinion in In re Woodmar Realty Company, 7 Cir., 284 F.2d 815. And the factual background set forth in that opinion is adequate for the purposes of this case and need not be repeated here.

Walter A. McLean, the trustee in bankruptcy, who was permitted to intervene on appeal, filed a motion to dismiss this appeal which was taken with the case. That motion raises the issue of

6. 11 U.S.C.A. § 93(n) (1961 Supp.)

this Court's jurisdiction to entertain the appeal—whether the interlocutory order here sought to be reviewed is an appealable order within the purview of 11 U.S.C.A. § 47, sub. a.[1]

That 11 U.S.C.A. § 47, sub. a does not make all interlocutory orders in proceedings in bankruptcy appealable is recognized in Albin v. Cowing Joint Co., 317 U.S. 211, 212, 63 S.Ct. 170, 87 L.Ed. 212, where reference is made to remaining "possible limitations on the reviewability of interlocutory orders". The District Court's order denying appellant's motions to strike or dismiss makes no adjudication determinative of the claims—they remain pending and subject to future allowance or disallowance, reviewable by appeal. All that was determined was the insufficiency of appellant's motions to strike and dismiss on the grounds urged—both of which involve matters subject to a sound exercise of the court's discretion.

In Columbia Foundry v. Lochner, 4 Cir., 179 F.2d 630, 635, 14 A.L.R.2d 1349, although the motion to dismiss the appeal was denied, it was pointed out:

"* * * [T]he decisions limit the appeal to interlocutory orders which have the character of a formal exercise of judicial power affecting the asserted rights of a party and an appeal from an inter-locutory order involving the exercise of the trial court's discretion is allowed only upon a showing of an abuse of discretion. See Collier on Bankruptcy, supra, §§ 24.11, 24.39. Clearly, due regard for the efficiency and dispatch of bankruptcy proceedings requires that the right of appeal from interlocutory orders under Section 24, sub. a, be kept within reasonable bounds."

In commenting upon the purpose of 11 U.S.C.A. § 47, sub. a, in so far as it permits of interlocutory appeals it was aptly observed in Hoehn v. McIntosh, 6 Cir., 110 F.2d 199, 201, that:

"The salutary purpose of the legislation would be destroyed if every order, no matter how trivial, were subject to review. The Act does not contemplate tying up the estate and prolonging administration by appeals, unless the subject has been finally disposed of in the lower court and practically nothing remains to be done in that respect so that rights may be definitely determined by review."

In our considered judgment the order here sought to be appealed is not the type of interlocutory determination to which the provisions of 11 U.S.C.A. § 47, sub. a, were meant to extend a right of review. This is especially so in the posture in which we find this proceeding and from the history and status of litigation therein.[2] We conclude that this Court is without jurisdiction of the appeal and it is therefore dismissed.

Appeal dismissed.

1. Section 24, sub. a of the Bankruptcy Act, which in so far as here pertinent, provides: "The United States courts of appeals, * * * are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, * * *."

2. See In re Woodmar Realty Company, 7 Cir., 294 F.2d 785, and In re Woodmar Realty Company, No. 13579, opinion filed Aug. 20, 1962, 307 F.2d 591 intended to establish the "law of the case" relative to objections filed by Woodmar against Class 2 claims, which was under advisement at the time of the issuance of this opinion.