PASADENA INVESTMENT COMPANY
and William J. Clark, Appellants,

v.

Marguerite J. WEAVER, Appellee.

No. 21003.

United States Court of Appeals
Ninth Circuit.

April 4, 1967.

176

———◆———

James A. McLaughlin, McLaughlin & McLaughlin, Los Angeles, Cal., for appellants.

Richard W. Dietrich, Barrett, Wagner & Dietrich, Fresno, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and COPPLE, District Judge.

HAMLEY, Circuit Judge:

This bankruptcy matter is before us on a petition for an order restraining a trust deed sale. The petition was filed in an arrangement proceeding under Chapter XI of the Bankruptcy Act (Act), sections 301 et seq., 52 Stat. 905 et seq. (1938), 11 U.S.C. §§ 701 et seq. (1964). The petitioner is the debtor, Mrs. Marguerite J. Weaver, there being no receiver. She filed the petition in an effort to prevent the loss of her fifty-five acre ranch near Tulare, California, which is under a term lease and term sublease.

Mrs. Weaver and her deceased husband were trustors under the trust deed given on that property to secure their promissory note in the amount of $51,000. Pasadena Investment Company (Pasadena), beneficiary under the trust deed, and William J. Clark, who acquired the note and trust deed after the note became due, were named respondents in the petition. The ground for relief, asserted in the petition, is that Pasadena fraudulently procured the trust deed from Mr. and Mrs. Weaver.

A three-day hearing on the petition was held before a referee in bankruptcy. Based upon findings of fact and conclusions of law thereafter entered, the referee entered an order declaring the note and trust deed void as to Mrs. Weaver and her deceased husband. The order provides that the trust deed be surrendered by Pasadena and Clark for cancellation as to them, but not as to Mrs. Weaver's son, Charles L. Weaver, who also signed the note. Pasadena and Clark obtained a review of the referee's order in the district court, which resulted in affirmance of the referee's order. Pasadena and Clark then took the appeal now before us.

In their appeal to this court, Pasadena and Clark do not contest the findings of fraud on the part of Pasadena in procuring the trust deed from Mr. and Mrs. Weaver, they do contend, however, that for two reasons the bankruptcy court lacked jurisdiction to decide the issues raised in Mrs. Weaver's petition.

Appellants first argue that the bankruptcy court was without jurisdiction to entertain Mrs. Weaver's petition in summary proceedings because, by reason of the term lease and sublease, the bankruptcy court, through the debtor, was not in actual or constructive possession of the ranch. Her only remedy, appellants assert, is an independent suit.

The rule which appellants invoke is that, where an adverse claimant objects to summary jurisdiction and the property in dispute is not in the possession of the bankruptcy court, that court, with exceptions not here relevant, does not have

jurisdiction over the dispute. Stated differently, if the property is not in the court's actual or constructive possession and a third person asserts a bona fide claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated in an independent action unless the claimant consents to its adjudication in bankruptcy court. See Cline v. Kaplan, 323 U.S. 97, 98–99, 65 S.Ct. 155, 89 L.Ed. 97; cf. City of Long Beach v. Metcalf, 9 Cir., 103 F.2d 483, 487; 2 Collier, Bankruptcy, § 23.04, 453–454 (14th ed. 1966).

Before considering the merits of appellants' argument that the referee lacked jurisdiction to handle this matter in a summary proceeding, we must first consider whether appellants Clark and Pasadena consented, in effect, to the summary jurisdiction of the bankruptcy court.

Section 2(a) (7) of the Act, 30 Stat. 546 (1898), as amended, 11 U.S.C. § 11 (a) (7) (1964), provides that where an adverse party does not object to the summary jurisdiction of the bankruptcy court by answer or motion filed before the expiration of the time prescribed for the filing of an answer to the petition, he shall be deemed to have consented to such jurisdiction. Neither Pasadena nor Clark, in their answers to Mrs. Weaver's petition, objected to the summary juris-diction of the bankruptcy court. To the contrary, both sought affirmative relief in their answers.[1]

Appellants argue that notwithstanding their failure to object, in their answers, to summary jurisdiction of the bankruptcy court on the term lease and sublease ground, they questioned the jurisdiction of the referee at the inception of the hearing before him, and the referee announced that appellants had preserved their jurisdictional argument. In view of this, appellants contend that under Rule 15(b), Federal Rules of Civil Procedure, the jurisdictional question should be dealt with as if raised in the pleadings.[2]

It appears from the record, however, that the only jurisdictional question raised at the outset of the hearing before the referee was a renewal by both Pasadena and Clark of the objection raised in Clark's answer referred to in note 1 above. That objection has nothing to do with the contention now made that, by reason of the term lease and sublease, the bankruptcy court did not have actual or constructive possession of the ranch and therefore lacked summary jurisdiction. Counsel for Pasadena made clear the limited nature of his client's jurisdictional objection when, in answer to a question by the referee, he stated that his jurisdictional objection ran only to the thirty-eight acres in probate. In an-

1. In his answer Clark did object that the bankruptcy court had no jurisdiction over thirty-eight acres of the fifty-five acres in question. However, Clark did not object because the term lease and sublease deprived Mrs. Weaver, and therefore the bankruptcy court, of possession, but because these thirty-eight acres were then under the jurisdiction of the probate court. This jurisdictional contention has not been advanced on this appeal.

2. "Rule 15. Amended and Supplemental Pleadings

\* \* \* \* \*

"(b) Amendments to Conform to the Evidence.

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

**178**

nouncing that appellants had preserved their jurisdictional objection, the referee was also referring only to the point concerning probate of the thirty-eight acres.

■ It therefore appears that appellants may not raise the jurisdictional question referred to above because they did not object on this ground in the proceedings before the referee.[3]

■ Alternatively, however, we hold on the merits of the jurisdictional question, that the existence of the term lease and sublease did not deprive the bankruptcy court of summary jurisdiction to determine the validity of the note and trust deed.

■ Mr. Weaver, Sr., deceased at the time of the bankruptcy proceedings, and Mrs. Weaver owned the ranch. In 1958 they leased the ranch for a term of years. On August 18, 1964 Mr. Weaver, Sr., died, leaving a will in which Mrs. Weaver was named sole beneficiary and executrix. In California, at a testator's death, title to his real property vests instantly in the person to whom it is devised. California Probate Code, § 300; Reed v. Hayward, 23 Cal.2d 336, 340, 144 P.2d 561, 563.

Section 311 of the Act, 52 Stat. 906 (1938), 11 U.S.C. § 711 (1964),[4] confers exclusive summary jurisdiction to determine controversies concerning property owned by the debtor, *or* in the actual or constructive possession of the debtor or the bankruptcy court. Loyd v. Stewart & Nuss, Inc., 9 Cir., 327 F.2d 642, 645. Therefore, since Mrs. Weaver owned the ranch, the bankruptcy court had exclusive summary jurisdiction of this con-

troversy, whether or not she had constructive possession of the ranch.

Moreover, under California law, Mrs. Weaver did have constructive possession of her reversionary interest in the ranch. Since Mrs. Weaver's reversion in the leasehold is intangible property, her ownership of it as lessor carries with it the legal consequences of possession, giving the bankruptcy court summary jurisdiction. See Benton v. Callaway, 5 Cir., 165 F.2d 877, 880, 882, aff. 336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553, Texas and N. O. R. Co. v. Phillips, 5 Cir., 211 F.2d 419, 421; 2 Collier, Bankruptcy, § 23.05 [4] (14th ed. 1966).

■■ In addition, a lienholder not in possession of the property upon which he claims a lien, is not an adverse holder of the property covered by the lien and the bankruptcy court may determine questions as to such a lien in a summary proceeding. Murphy v. John Hofman Co., 211 U.S. 562, 569–570, 29 S.Ct. 154, 53 L.Ed. 327; Fish v. East, 10 Cir., 114 F.2d 177, 196; In re Friedman Bros., Tailors, Inc., D.C.D.Minn., 19 F.2d 243, 245. Since, at the time these bankruptcy proceedings were begun, the property was physically in the possession of a subtenant, it is apparent that neither Pasadena nor Clark would qualify as an adverse claimant to the property.[5]

Appellants advance the additional jurisdictional argument that Chapter XI of the Act (Arrangements) specifically restricts the jurisdiction of the bankruptcy court to unsecured creditors, and that court therefore has no jurisdiction over secured creditors such as Pasadena and Clark.

3. In view of this ruling, we need not decide whether, as appellants contend, Rule 15(b) Federal Rules of Civil Procedure, provides an exception to the requirements of section 2(a) (7) of the Act, referred to above.

4. Section 711 reads:
"**§ 711. Exclusive jurisdiction of debtor and property.**
"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the

purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

5. The result might be different if either of the lessees were asserting a claim adverse to that of Mrs. Weaver. See Foodtown of Oyster Bay, Inc. v. Dilbert's Leasing & Development Corp., 2 Cir., 334 F.2d 768, 769; In re Mt. Forest Fur Farms of America, Inc., 6 Cir., 122 F.2d 232, 244; 2 Collier, Bankruptcy § 23.07[12] (14th ed. 1966).

Generally speaking, a plan of arrangement formulated under Chapter XI is meant to affect only unsecured creditors of the debtor. See sections 307 and 356 of the Act, 52 Stat. 906 and 910 (1938) 11 U.S.C. §§ 707 and 756 (1964); Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 452–453, 60 S.Ct. 1044, 84 L.Ed. 1293; Chaffee County Fluorspar Corp. v. Athan, 10 Cir., 169 F.2d 448, 450. However, liens are subject to the administration of the bankruptcy court, and that court has power to determine their validity, amount and priority. Cf., City of Long Beach v. Metcalf, 9 Cir., 103 F.2d 483, 486–487. In this respect, the jurisdiction of the bankruptcy court in a Chapter XI proceeding is the same as an adjudication in bankruptcy. See In re Germain, D.C.S.D.Cal., 144 F.Supp. 678, 683. Cf., Gold v. Gerson, 9 Cir., 225 F.2d 859.[6]

Therefore, in the case before us, the bankruptcy court had power to decide the validity of the secured claims asserted against Mrs. Weaver's property. Since the court decided that Clark and Pasadena's claims asserted against Mrs. Weaver's property were void, appellants could no longer assert a secured creditor status. It follows that Clark and Pasadena had no valid ground on which to object to the jurisdiction of the bankruptcy court in this Chapter XI proceeding.

Finally, Clark attacks the merits of the referee's decision on the ground that Mrs. Weaver is estopped to question his rights under the promissory note and deed of trust, acquired by him in February, 1965, at a time when the note was overdue. Clark asserts that, in purchasing the note and deed of trust, he relied upon a writing signed by Mr. and Mrs. Weaver on July 23, 1964, in which they stated that the amount and terms of the note in question, dated August 28, 1963, " * * * are correctly stated and there will be no counterclaims, or disputes."

The writing in question was a form of "acceptance," signed by the Weavers, appearing at the bottom of a letter, dated July 23, 1964, from Pasadena to them, in which letter Pasadena extended the due date of the Weavers' note for one year. When Clark purchased the note and trust deed from Pasadena six months later, Pasadena showed him the signed statement of the Weavers.

The referee found that when the Weavers signed this statement they did not know that Pasadena had obtained the note and trust deed from them by fraudulent means. The referee further found that, under the circumstances, they were not chargeable with knowing of that fraud. The record supports these findings.

Moreover, the Weavers directed that statement to Pasadena and there is no indication that they intended it to be seen, or relied upon, by others. Clark may have relied to some extent upon that statement which was by then six months old. However, the referee found that Clark relied primarily upon representations, which turned out to be false, made to him by Pasadena. Clark concedes that he was not a holder in due course and was therefore subject to all defenses Mrs. Weaver had against Pasadena.

Under all of these circumstances the referee did not err in finding and concluding that the statement signed by the Weavers did not create an equitable estoppel in favor of Clark.

Clark also contends that Mrs. Weaver is estopped from asserting her claim against him because she was " * * * at fault in carelessly permitting the note and deed of trust to go unchallenged. * * * *" until foreclosure proceedings were commenced with respect to the trust deed.

6. In an adjudication in bankruptcy, the power of the court to determine the validity of liens is clear. See Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Heffron v. Western Loan and Building Co., 9 Cir., 84 F.2d 301, 303, 112 A.L.R. 501.

This contention is without merit when consideration is given to the facts just stated concerning Clark's first estoppel argument, plus the additional circumstance that Mrs. Weaver did not discover the fraud until after Clark acquired the note and deed of trust.[7]

Affirmed.

---

7. Clark acquired the note and trust deed in February, 1965. Mrs. Weaver did not learn of the fraud until her attorneys uncovered it during the course of an investigation instituted after notice of default under the trust deed was given. The notice of breach was recorded on March 5, 1965.