John YOUNG et al., Appellants,

v.

KERR INDUSTRIES, INC. a/k/a Kerr Bleaching and Finishing Works, Inc., Appellee.

No. 74–2153.

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 9, 1974.

Decided Sept. 8, 1976.

**756**

Robert Belton, Jonathan P. Wallas and J. LeVonne Chambers, Charlotte, N. C., on brief for appellant.

Wesley B. Grant, Concord, N. C., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

On September 12, 1973, plaintiffs John Young, et al., having exhausted their administrative remedies before the E.E.O.C., filed a complaint pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964) and 42 U.S.C. § 1981 against Kerr Industries, Inc. The complaint was filed as a class action[1] and asked for both damages and injunctive relief for alleged racially discriminatory policies practiced by Kerr. On October 11, 1973, Kerr filed a petition in the district court for reorganization pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C. § 501, *et. seq.,* and on October 12, the petition was approved and Samuel L. Black was appointed Trustee. On that same date the court, hearing the Chapter X proceeding, also issued an order enjoining the "Commencing or continuing * * * any action at law or suit or proceeding in equity against said Debtor or said Trustee in any court * * *."

Although the order of October 12 was appealable[2] the plaintiffs took no steps to perfect an appeal within the required thirty days. However, some six months later, in April of 1974, the plaintiffs moved the district court to add the Trustee as a party to their Title VII action and to compel the defendants to answer the complaint and interrogatories. The district court, in a memorandum order entered on August 22, 1974, denied the plaintiffs' motion. In its order the court noted that the issuance of such a restrictive injunction in a reorganization proceeding is a matter lying within the sound discretion of the court, 11 U.S.C. § 516(4).[3] The court further noted the absence of any prejudice to the plaintiffs since they were free to apply to the court to have the merits of their claims resolved in a separate judicial proceeding. *See* Vol. 3 Collier on Bankruptcy § 57.15.

We agree with the district court that to grant the plaintiffs' motion would interfere with the orderly administration of the reorganization proceeding, and since the plaintiffs failed to appeal from the injunctive order entered on October 12, 1973, appellate review of their motion would be inappropriate.

1. Rule 23(a), (b)(2), Fed.R.Civ.P.

2. *Albin v. Cowing Joint Co.,* 317 U.S. 211, 63 S.Ct. 170, 87 L.Ed. 212 (1942).

3. See generally Vol. 6 Collier on Bankruptcy, §§ 3.28–3.29.

Accordingly, the motion to dismiss the appeal is granted.

APPEAL DISMISSED.