PYRAMID INVESTMENTS CO., aka Bishop Realty Inc., Appellant,

and

Robert M. Bishop, Appellant,

v.

Howard PALMQUIST aka H. R. Palmquist and Gordon Palmquist aka Gordon C. Palmquist, Appellees.

No. 75–3349.

United States Court of Appeals, Ninth Circuit.

March 29, 1977.

As Amended on Denial of Rehearing May 16, 1977.

Robert M. Kerr, Jr., argued, Kerr, Williams & Clarke, Blackfoot, Idaho, for appellants.

Richard Anderson, argued, Anderson, Kaufman, Anderson & Ringert, Boise, Idaho, for appellees.

Before CHAMBERS, HUFSTEDLER and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

In Chapter XI proceedings, creditors who file proofs of claim within thirty days after notice by mail that a plan of arrangement has been confirmed may participate in the plan, to the extent their claims were scheduled by the debtor. Bankruptcy Act § 355, 11 U.S.C. § 755a. The question in this case is whether this statutory right to file a late proof of claim extends to creditors who are scheduled by the debtors as secured parties, but who filed their proof of claim after confirmation of the plan of arrangement.

The debtors are Pyramid Investment Company (Pyramid) and its President, Robert M. Bishop (Bishop). Pyramid and Bishop both filed petitions for Chapter XI arrangement proceedings under Bankruptcy Act § 321, 11 U.S.C. § 721. The two proceedings were consolidated. The bankruptcy court ordered their plan of arrangement confirmed on September 12, 1972.

The arrangement provided that debts owed to unsecured creditors would be satisfied by payment in cash of 25 percent of the amount of allowed claims. The plan further provided, however, that if cash payment were not made within eight months from the date of confirmation, the creditors would be paid in capital stock of Pyramid. Should this second alternative occur, the arrangement provided that Bishop, Pyramid's sole shareholder, would reduce his holdings by surrendering approximately 75 percent of his capital stock in Pyramid. The transferred stock was designated as "surrender stock." The creditors were to receive shares of surrender stock of a par value equal to the amount of the allowed claims, with cash in lieu of any fractional share. Any remaining surrender stock was to become nonvoting treasury stock. The arrangement further provided that if the stock was surrendered for payment to creditors, all directors of Pyramid would resign. The debtors were to remain debtors-in-possession.

After this plan was confirmed, notice of the order of confirmation was mailed to creditors advising that creditors who had not filed their proofs of claim prior to confirmation, but who had been scheduled by the debtors, must file their proofs of claim within the thirty-day statutory period. The claim giving rise to the instant controversy was filed by Howard and Gordon Palmquist (the Palmquists). The Palmquists had been listed in the debtors' schedule as secured creditors, with the undisputed amount due them of $150,000. The security shown on the schedules consisted of Eurodollar and Eurofranc bonds in the face amount of $1,000,000. After the date of confirmation, but within the thirty-day filing period provided by statute, the Palmquists filed their proof of claim in order to participate in the plan of arrangement.

After an evidentiary hearing, the bankruptcy court found, pursuant to Bankruptcy Act § 57(h), 11 U.S.C. § 93(h), that the bonds securing the Palmquist loan were worthless and had no value as security for the obligation. The bankruptcy court further concluded that even though the debt owed to the Palmquists had been scheduled

as secured, the Palmquists could file their proof of claim within the thirty-day statutory period under section 355 of the Bankruptcy Act, 11 U.S.C. § 755a and participate as unsecured creditors. The bankruptcy court allowed the Palmquists' claim in the amount of $140,000 plus interest.[1] The district court affirmed the determinations of the bankruptcy court in all respects. The debtors appeal.[2] For the reasons set forth below, we affirm.

■■■ On appeal, the debtors first argue that because a plan of arrangement under a Chapter XI proceeding may only affect the rights of unsecured creditors, the Palmquists may not participate in the arrangement at issue. The debtors cite section 307 of the Act, 11 U.S.C. § 707, and argue that "creditors" as there defined means only unsecured creditors. The debtors' argument is wide of the mark. While it is often said that a plan of arrangement in a Chapter XI proceeding may not affect the rights of secured creditors, see, e. g., Pasadena Investment Co. v. Weaver, 376 F.2d 175, 179 (9th Cir. 1967), here the value of the security was less than the amount of the debt. It is established that a secured creditor whose security is worth less than the amount of the debt may participate in an arrangement under Chapter XI. R.I.D.C. Indus. Development Fund v. Snyder, 539 F.2d 487, 493 (5th Cir. 1976), citing 9 Collier on Bankruptcy ¶ 8.01 at 169 (14th ed. 1976); United States v. National Furniture Co., 348 F.2d 390, 392 (8th Cir. 1965); see Law Research Service, Inc. v. Crook, 524 F.2d 301, 311 (2d Cir. 1975); In re Everick Art Corp., 39 F.2d

765, 768 (2d Cir. 1930). Where a secured creditor files a proof of claim, the filing implies that the creditor wishes to avail himself of his security and to share in the general assets as to the unsecured balance. 3 Collier, supra, ¶ 57.07[3.2] at 176; In re Law Research Services, Inc., 386 F.Supp 749, 750–51 n.1 (S.D.N.Y. 1974). See also Bankruptcy R. 11–33(e). The bankruptcy court may determine the value of the property held as collateral and may allow a claim as unsecured to the extent of any deficiency. Law Research Service, Inc. v. Crook, 524 F.2d at 311. See also Bankruptcy R. 306(d), 11–33(e).

■■ Where, as here, the security is found to be worthless, it follows that the bankruptcy court may allow the entire claim as unsecured. Cf. Law Research Service, Inc. v. Crook, 524 F.2d at 311. Thus, as a general matter, the bankruptcy court could properly allow the Palmquists to participate in the arrangement if the Eurobonds proved to be of insufficient value to satisfy the amount of the debt. Since the finding of the bankruptcy court that the collateral was worthless was not clearly erroneous, that determination must stand on appeal. See Bankruptcy R. 810.

■■ The debtors next contend that, even if partially secured creditors may participate in a plan of arrangement, they may not do so by invoking the late filing provisions of Bankruptcy Act § 355, 11 U.S.C. § 755a.[3] Section 355 provides:

Creditors, including the United States, any State, and any subdivision thereof,

---

1. Although the original loan had been in the amount of $150,000, Gordon Palmquist had earlier received $10,000. The court also ordered that the bonds be turned over to the Securities and Exchange Commission.

2. In an arrangement proceeding, the debtor-in-possession has standing to object to payment of claims to any creditor. In such proceedings the debtor-in-possession exercises all the powers of a trustee. Bankruptcy Act § 342, 11 U.S.C. § 742. Thus, a debtor-in-possession represents all the creditors and has the right to object to proofs of claim not timely filed or improperly allowed. American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A., 280 F.2d 119, 122 (2d Cir. 1960). Further-

more, in the particular circumstances of this case, the debtor corporation has a direct financial interest. The stock payment provisions of the arrangement plan were invoked, and the amount of treasury shares transferred to the debtor would be substantially increased if the Palmquist claim were disallowed.

3. Bankruptcy R. 11–33, effective July 1, 1974, now supersedes section 355(1). Because the plan of arrangement was confirmed in 1972, well before the effective date of the new rules governing Chapter XI proceedings, we do not consider the effect on the instant case of Rule 11–33.

shall file their proofs of claim before confirmation except as follows:

(1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; and

(2) a claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct.

The debtors argue that since the statute limits allowance of claims filed after confirmation to the amount of the debt set forth in the schedule, it must be construed to mean that, after confirmation, creditors scheduled as secured may look only to their collateral to satisfy the obligation owed by the debtor.

The parties have not referred us to any case authority discussing this issue, and none has come to our attention. We therefore turn to an examination of the statutory language and the legislative history of section 355.

The history of section 355 and its predecessor statute consists largely of attempts by Congress to adjust competing claims similar to those made by the parties in this case. On the one hand, the scheduled unsecured creditors (through their debtor spokesmen in this case) argue that it will be difficult for unsecured creditors to evaluate the plan of arrangement if creditors listed as secured can file unsecured claims after the plan is approved. On the other hand, the Palmquists argue that to prevent the debtors from obtaining an undeserved windfall or from scheduling a debt improperly, some protection should be afforded to creditors listed on the debtors' schedule as secured who fail to file a proof of claim before the plan is confirmed.

Before 1963, it was not necessary in Chapter XI proceedings for creditors to prove their claims in order to participate in a plan of arrangement. Debts in liquidated amounts and not subject to contingencies or dispute were paid simply on the basis of the debtor's schedule. 9 Collier, *supra*, ¶ 7.25 at

118. Recognizing that the practice of making distribution solely on the basis of the debtor's schedule was open to various abuses, Congress in 1963 changed the procedure and provided that proofs of claim should be filed within six months from the date set for the first meeting of creditors. *See* Pub.L. No. 88–175; 77 Stat. 330 (1963) (current version at 11 U.S.C. § 755a). *See also* S. Rep. No. 605, 88th Cong., 1st Sess. (1963), *reprinted in* [1963] U.S. Code Cong. & Ad. News, p. 1102.

The 1963 amendment was criticized for various reasons: One problem was that prior to the expiration of the six-month period for filing claims, but after confirmation, large creditors' claims could be filed that would disrupt the plan. The present section 355 was enacted in 1967 in order to remedy this and other shortcomings. In the legislative reports on the bill, the Judiciary Committees stated:

n order to avoid imposing onerous and unrealistic burdens on creditors which may prevent them from participating and thereby provide *a windfall or undeserved benefit to the debtor,* the bill enables creditors to file their claims up to the date of confirmation. . . .

The principle of the 1963 amendment to Chapter XI with respect to filing of creditor claims is retained in the bill. Creditors are still required to file a claim to participate. Two exceptions to the requirement that claims be filed by the date of confirmation are (1) a claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may allow, and (2) a claim may be filed late by a creditor—that is, after date of confirmation—if scheduled by the debtor but in that case shall not be allowed in an amount in excess of that set forth in the debtor's schedule.

. . . [T]he bill would protect creditors listed on the debtor's schedule who failed to file their claims within the specified period *and thus prevent the debtor from obtaining an undeserved windfall.*

S. Rep. No. 751, H.R. Rep. No. 122, 90th Cong., 1st Sess., (1967), *reprinted in* [1967] U.S. Code Cong. & Ad. News, pp. 1996, 1997 (emphasis added). In the 1967 amendments Congress thus intended to strike a balance between the danger that reliance on the debtor's schedule alone would encourage abuses and the destructive effects on an arrangement of substantial claims filed after confirmation. The present section 355 reflects that balance. We find that it is consistent with that policy to permit creditors listed as secured to file proof of a claim within thirty days after notice of confirmation is mailed. To hold otherwise would be to permit a debtor to obtain an undeserved windfall by scheduling a claim as secured when, in fact, the debt exceeds, in whole or in part, the value of the collateral. Were we to accept the debtors' contentions in this case, a debtor in Chapter XI proceedings, in order to avoid payment of an obligation entirely, would be encouraged to schedule a debt as fully secured even though he knew that the security was insufficient to satisfy that debt.

Disruptive effects of this rule on Chapter XI arrangements are remote. Since only creditors whose claims that are scheduled may avail themselves of the thirty-day late filing period, other creditors who are considering whether to vote to confirm a plan of arrangement will know the maximum amount of claims that can be paid and can assess the risk that the collateral of creditors who are scheduled as secured will be insufficient. Our holding will encourage accurate reporting, since it reduces the incentive for the debtor to manipulate the schedules in order to misstate the value of collateral. This is a proper consideration, for the debtor is often in the best position to evaluate the collateral.

A creditor who is scheduled as secured, but who files a claim for a deficiency within the thirty-day period after mailing of notice of confirmation, should not be unjustly deprived of repayment. Where, as here, a creditor's claim is scheduled at a certain amount, and the collateral is insufficient to satisfy the debt as scheduled, we hold that the creditor may participate in the arrange-

ment to the extent of the deficiency, so long as that deficiency does not exceed the total amount scheduled.

Accordingly, the judgment is AF-FIRMED.