Bernard SAMOFF, Regional Director of the Fourth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS DISTRICT LODGE NO. 1.

Terminal Freight Cooperative Association, (Charging Party), Appellant.

Bernard SAMOFF, Regional Director of the Fourth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS DISTRICT LODGE NO. 1.

Terminal Freight Handling Co., (Charging Party), Appellant.

Nos. 17907, 17910.

United States Court of Appeals Third Circuit.

Argued Oct. 24, 1969.

Decided Dec. 18, 1969.

Rehearing Denied March 26, 1970.

Jerry Kronenberg, Borovsky & Ehrlich, Chicago, Ill. (John W. Pelino, Laurence D. Ehrlich, Chicago, Ill., Pelino & Wasserstrom, Philadelphia, Pa., on the brief), for appellants.

Richard H. Markowitz, Philadelphia, Pa. (Wilderman, Markowitz & Kirschner, Richard Kirschner, Philadelphia, Pa., on the brief), argued for International Association of Machinists District Lodge No. 1.

Julius G. Serot, Asst. Gen. Counsel, N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marvin Roth, Atty., N.L.R.B., Washington, D. C., on the brief), for N.L.R.B.

Before KALODNER, STALEY and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellants, Terminal Freight Cooperative Association and Terminal Freight Handling Co., charging parties before the National Labor Relations Board, objected to the approval by the district court of a stipulation between appellees, International Association of Machinists, District Lodge No. 1 (hereinafter "union"), and Bernard Samoff, Regional Director of the Fourth Region of the National Labor Relations Board (hereinafter "Board"). On April 24, 1969, the Board had petitioned the United States District Court for the Eastern District of Pennsylvania for an order enjoining the union from engaging in certain picketing, violative of the National Labor Relations Act, 29 U.S.C. § 158, which proscribes secondary boycotts. The petition, brought pursuant to Section 10(l) of the Act as amended, 29 U.S.C. § 160(l), alleged in substance that the union, in furtherance of a labor dispute with Sears, Roebuck & Co., had picketed a freight terminal operated by appellant Terminal Freight Handling Co. in order to force said appellant to cease doing business with Sears.

In lieu of an injunction, the union entered into a stipulation with the Board to cease and desist from engaging in the conduct complained of in the petition. These appeals from the district court's approval of the stipulation argue that the charging parties were not permitted to participate in the proceedings giving rise to the stipulation and that the stipulation affords inadequate relief.

Each appellee moved to dismiss the appeals. The Board argued a lack of standing in the charging parties to prosecute the appeals. The union asserted that the issue was moot. On May 26, 1969, a panel of this court considered both motions and ordered them continued until argument on the merits. The merits have been argued and an uncontradicted affidavit has been filed by the Business Representative of the union. It states that the underlying labor dispute has been settled by the execution of a collective bargaining agreement between the union and Sears, Roebuck & Co. The court is now of the opinion that the appeals are clearly moot.

The appeals will therefore be dismissed.