**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Terry L. NEUMANN, Defendant-Appellant.**

No. 77–1558
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1977.

Terry L. Neumann, pro se.

Michael P. Carnes, U. S. Atty., Gerhard E. Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Terry Neumann takes this appeal from the denial of his motion for representation by a layman as counsel of his choice. .

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Subsequent to the docketing of this appeal, Neumann, acting pro se, was convicted in a magistrate's court of submitting a false income tax withholding exemption certificate in violation of 26 U.S.C. § 705. Neumann does not challenge that conviction on this appeal. We do not reach the merits or the appealability of Neumann's claim because we hold that under the circumstances of this case the order denying representation by law counsel is moot.

The general rule is that in order to discourage piecemeal appeals, appellate courts have jurisdiction to review only final judgments, 28 U.S.C. § 1291. A final judgment in a criminal case means the order sentencing the defendant. *See Parr v. United States,* 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956); *United States v. Bailey,* 512 F.2d 833, 836 (5th Cir.), *cert. dismissed,* 423 U.S. 1039, 96 S.Ct. 578, 46 L.Ed.2d 415 (1975); *United States v. Bendicks,* 439 F.2d 1120, 1121 (5th Cir. 1971). Courts have carved out exceptions to this general rule when the interlocutory appeal raises "claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).[1]

In *United States v. Garcia,* 517 F.2d 272 (5th Cir. 1975), this court held appealable an order disqualifying defendants' attorneys for a conflict of interest, even though that order was not a final judgment in the traditional sense. *See also United States v. Mahar,* 550 F.2d 1005, 1007 n. 3 (5th Cir. 1977). We reasoned in part that deferring review until after completion of the trial would dissipate judicial resources and jeopardize the defendants' case by prohibiting representation at trial by counsel of their choice. *United States v. Garcia, supra,* 517 F.2d at 275. On the face of it, *Garcia* suggests that an order like that before us in this case

respecting a criminal defendant's choice of counsel is appealable. In the case at bar, however, the rationales operative in *Garcia* are inapplicable because defendant's trial has already run its course.

Were we to sustain Neumann's challenge, we should face the anomalous circumstance of finding error in a proceeding now complete, the result of which is not now before us. Hence, we could not vacate or reverse the judgment of conviction. Because Neumann is challenging the denial of his chosen lay counsel in a trial that has already taken place, and because we could not now alter in any way the final judgment that issued from that trial, the matter of his representation in that trial is moot within the context of the present case. Neumann is, of course, free collaterally or on appeal to challenge his conviction and to place in issue in that proceeding the alleged denial of his sixth amendment rights.

The appeal is

DISMISSED.

---

1. *See United States v. Lansdown,* 460 F.2d 164, 171 (4th Cir. 1972) (double jeopardy claim was appealable where mistrial was instigated by the court and opposed by the defendant).