639 F.2d 1050
 7 Bankr.Ct.Dec. 807
 In re Gerard J. CANTWELL, Debtor.
Appeal of CONTINENTAL BANK and Beatrice Pitt and Samuel Pitt.
 No. 80-1711.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 6, 1980.
Decided Feb. 4, 1981.
 
 S. Regen Ginsburg, Larry Pitt (argued), LaBrum & Doak, Harry R. Kozart, Philadelphia, Pa., for appellants.
 Irwin Trauss (argued), Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for appellee.
 Before ADAMS and SLOVITER, Circuit Judges, and BROTMAN, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court sitting in bankruptcy which reversed an order of the bankruptcy court and thereby dissolved a stay of appellee's discharge in bankruptcy. Appellee claims the district court order is not appealable, that the matter is now moot, and that the court did not abuse its discretion in dissolving the stay. We do not reach the merits because, for the reasons stated below, we hold this appeal must be dismissed.
 
 Facts
 
 2
 The relevant facts are not in dispute. On June 26, 1978 appellee, Gerard J. Cantwell, filed a voluntary petition in bankruptcy.[1] In accordance with Bankruptcy Rule 404(a), the bankruptcy court entered an order on August 29, 1978 setting November 1, 1978 as the last day for filing complaints objecting to the discharge. November 1, 1978 was also fixed as the day on which the discharge would be granted if no complaint were filed.
 
 
 3
 In his schedule of debts, Cantwell listed among his creditors appellants, Continental Bank and Beatrice and Samuel Pitt. Apparently, Cantwell and his wife were co-sureties with the Pitts for a corporation's debts to Continental. Continental had confessed judgment against both Cantwell and his wife in January 1974, but the judgment was opened as to Mrs. Cantwell in April 1975 and remained open when Mr. Cantwell filed his petition in bankruptcy.
 
 
 4
 Mr. and Mrs. Cantwell own a house as tenants by the entirety. Under Pennsylvania law, entireties property can be attached only to satisfy the joint debts of a married couple. Therefore, Continental needed a joint judgment against the Cantwells to perfect a lien which it claimed to have on this property, and the Pitts intervened in the state proceedings to press their claim for contribution from the Cantwells for money they alleged to have paid to Continental in partial or complete satisfaction of their obligations as sureties.
 
 
 5
 In order to reach the property held by Mr. and Mrs. Cantwell as tenants by the entirety, Continental and the Pitts sought from the bankruptcy court relief from the automatic stay provided by Bankruptcy Rule 401(a) whereby the filing of a petition operates to stay commencement or continuation of any action against the bankrupt and the enforcement of any judgment against the bankrupt. On October 4, 1978, the bankruptcy judge entered an order providing such relief pursuant to Bankruptcy Rule 401(d) which permitted them to proceed with the state court action against the Cantwells. Continental and the Pitts also filed a "complaint" in the bankruptcy court to stay the discharge of Mr. Cantwell until their claims against Mrs. Cantwell could be reduced to judgment. Continental sought such a stay in an effort to secure a joint judgment before discharge to enable it to attempt enforcement of its lien against the entireties property. On November 1, 1978 the bankruptcy court granted their request and stayed Mr. Cantwell's discharge pending final determination of the state court action.
 
 
 6
 Mr. Cantwell appealed the grant of the stay to the district court. In an order dated April 22, 1980, the district court reversed the November 1, 1978 order of the bankruptcy court and dissolved the stay. The district court relied on the reasoning of the decision in Harris v. Manufacturers National Bank of Detroit, 457 F.2d 631 (6th Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972), where the court enjoined execution of a joint judgment against entireties property following a husband's discharge in bankruptcy. The Harris court and the district court here both stressed that section 17 of the Bankruptcy Act reflects Congressional intention that a discharge in bankruptcy should release a spouse from joint as well as several debts and bar execution on a joint judgment. Continental Bank and the Pitts appealed the district court's order to this court on April 30, 1980.[2]
 
 
 7
 On June 30, 1980, the Pitts filed a motion with the bankruptcy court for the entry of a qualified discharge of Mr. Cantwell. The same day this motion was sub silentio denied when the bankruptcy court granted Mr. Cantwell his discharge in bankruptcy. There has been no appeal from the order of discharge.
 
 Appealability of the Order
 
 8
 Appellee argues that we have no jurisdiction over this appeal. Section 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a) (1976), which establishes the jurisdiction of appellate courts in bankruptcy cases provides, in relevant part:
 
 
 9
 The United States courts of appeals ... are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact...
 
 
 10
 This provision makes a distinction between "proceedings in bankruptcy" and "controversies arising in proceedings in bankruptcy." Orders "in proceedings in bankruptcy" are appealable whether "interlocutory or final." On the other hand, we have jurisdiction with respect to "controversies arising in proceedings in bankruptcy" only over those orders that are final. See In re W.F. Breuss, Inc., 586 F.2d 983 (3d Cir. 1978). See generally 2 Collier on Bankruptcy P 24.11(5) (14th ed. 1976).
 
 
 11
 The distinction between "proceedings" and "controversies" was discussed in In re Penn Central Transportation Co., 570 F.2d 1189, 1193 (3d Cir. 1978), where we stated:
 
 
 12
 As a general rule, "proceedings" are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. "Controversies", on the other hand, are usually described as matters which arise in the course of the bankruptcy proceedings which are not mere steps in the ordinary administration of the bankrupt, but which present distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate.
 
 
 13
 Here the appellants are not seeking any part of the estate in bankruptcy. Rather, they are attempting to alter the ordinary course of the administration of Cantwell's estate. Thus, the matter appealed here is a "proceeding in bankruptcy." Cantwell does not contend otherwise.
 
 
 14
 Read literally, section 24(a) provides the courts of appeals with jurisdiction over all orders in "proceedings in bankruptcy." Cantwell argues, however, that section 24(a) should not be construed literally. He points to a number of decisions that place a judicial gloss on this section, holding that orders concerning trivial, preliminary or procedural matters, not amounting to formal judicial rulings, adjudicating the asserted rights of a party, or substantially determining some issue, are not reviewable. See, e. g., In re Durensky, 519 F.2d 1024 (5th Cir. 1975). See generally 2 Collier on Bankruptcy P 24.39. Cantwell invokes this exception and argues that because the district court's order dissolving the stay merely allowed the discharge proceeding to continue to its conclusion, it did not finally determine any party's rights and thus is not appealable.
 
 
 15
 This court has not taken a strict approach to appealability in bankruptcy matters. In In re Pittsburgh Rys. Co., 164 F.2d 488 (3d Cir. 1947) (per curiam), we expressed doubt over whether two interlocutory orders which adjudicated no rights or claims but merely directed the special master to proceed and report were appealable. We recognized that these orders presented nothing "more than a procedural direction by the Court to its Special Master," but held that even assuming the orders were appealable, they were within the district court's discretion. Subsequently, in In re American Bantam Car Co., 193 F.2d 616, 621 (3d Cir. 1952), we held that an order appointing a special master to conduct hearings concerning a settlement offer was appealable. We explained that the order appealed from was not a mere "procedural direction" within the purview of Pittsburgh Rys., but rather had "immense substantive effect." Most recently, in In re W.F. Breuss, Inc., 586 F.2d 983 (3d Cir. 1978), we held that an order of the district court directing that an accountant appear before it or the bankruptcy court for a hearing to determine the validity of his claim that his testimony and production of documents at an examination pursuant to Bankruptcy Rule 205 would tend to incriminate him was an appealable interlocutory order under section 24(a). The majority made no mention of the "trivial order" exception even though the dissent relied on that exception in arguing that the appeal should be dismissed.
 
 
 16
 Our approach toward appealability of interlocutory orders under section 24(a) may be more liberal than that followed by some other courts. Compare, e. g., De Laney v. City Investment Co., 224 F.2d 808 (10th Cir. 1955). However, even assuming that we embrace the trivial order exception to the same extent as do other circuits, we do not believe the order appealed from falls within it. The order dissolving the stay had substance. The district court decided a controversial issue, adjudicating appellants' asserted right to a stay of discharge to enable them to attach assets not in the bankrupt's estate. Cantwell's argument that the order merely allowed the discharge proceeding to continue to its conclusion and did not affect the appellants' right to object to the discharge misses the point. Appellants were not objecting to the discharge of Mr. Cantwell's debts per se. Rather, their objection was to the timing of the discharge, and they asserted the right to have the discharge delayed. The district court's order certainly reached the merits of the controversy and adversely affected appellants' alleged right. We deem it to be an appealable order.[3]
 
 Mootness
 
 17
 On June 30, 1980, approximately two months after the docketing of this appeal, the bankruptcy court granted Mr. Cantwell's discharge in bankruptcy. Bankruptcy Rule 802(a) requires that a notice of appeal be filed within ten days of the date of the entry of the judgment or order appealed from. The order granting Cantwell's discharge has not been appealed.[4] Cantwell argues that, in the context of these facts, the appeal from the order dissolving the stay of discharge is moot.
 
 
 18
 Generally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief. See, e. g., In re Combined Metals Reduction Co., 557 F.2d 179 (9th Cir. 1977); Alton & Southern Railway Co. v. International Association of Machinists and Aerospace Workers, 463 F.2d 872, 877 (D.C.Cir. 1972). Thus, where, pending appeal, an act or event sought to be enjoined has been performed or has occurred, an appeal from the denial of the injunction will be dismissed as moot. See, e. g., Brill v. General Industrial Enterprises, 234 F.2d 465 (3d Cir. 1956). See also Diamond, Federal Jurisdiction to Decide Moot Cases, 94 U.Pa.L.Rev. 125, 133 (1946).
 
 
 19
 Here, the discharge appellants sought to be stayed has been granted. The order granting the discharge has not been appealed and is not now before us. We cannot in this proceeding vacate or reverse the grant of the discharge. All that is before us is the district court's order dissolving the stay. Yet, even if we vacate that order the relief appellants request it will not change the fact that the discharge, the act appellants sought to delay, has been granted. Since the discharge cannot be altered in any way in this proceeding, we cannot, at this juncture, provide appellants any effective legal relief. Hence, the propriety of the stay of discharge is moot. See United States v. Neumann, 556 F.2d 1218 (5th Cir. 1977).
 
 
 20
 At argument, appellants suggested that this case was not moot because they could still apply to the bankruptcy court to revoke the discharge. Section 15 of the Bankruptcy Act, 11 U.S.C. § 33, permits revocation of a discharge if, within one year after such discharge, a creditor can show "that the discharge was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the applicant since the discharge was granted, and that the facts did not warrant the discharge."[5] We need not decide the merits of appellants' claim that the protection of entireties property, albeit permitted by the applicable law, nonetheless constitutes "legal fraud" encompassed by this section, and that appellants would be entitled to relief even though they were aware of the issue at the time of the bankruptcy proceeding and had urged it as the basis of their motion in the bankruptcy court. Even were appellants' interpretation of the revocation provision to be accepted, it would not make this appeal any less moot.
 
 
 21
 Appellants' argument is that if we were to decide that the district court erred in finding that the bankruptcy court abused its discretion in staying the discharge they would have a "firm basis" on which to return to the bankruptcy court and ask for a revocation under section 15. In effect, appellants are asking us to issue an advisory opinion, something we may not do. Furthermore, were we to reach the merits, it is unlikely our decision could affect the legal issue which appellants may raise in a revocation proceeding. Our review would be limited to the exercise of discretion by the district court in dissolving the stay, and would not meet the issues of "fraud" and appellants' prior knowledge central to a revocation proceeding under section 15 of the Bankruptcy Act. Indeed, appellants were and remain free to seek revocation of the discharge without regard to any disposition of this appeal. Thus, appellants cannot use their claim of the availability of a revocation procedure to bootstrap themselves within the jurisdiction of this court notwithstanding their failure to appeal from the discharge.
 
 
 22
 For the foregoing reasons, the appeal is dismissed as moot.
 
 
 23
 ADAMS, Circuit Judge, concurring in the result.
 
 
 24
 I concur in the result reached by the majority on the ground that the failure to appeal the bankruptcy court's order granting Cantwell's discharge has rendered the case moot. Because this Court is now unable to alter the grant of the discharge, we are incapable of providing appellants the relief requested. In light of the policy of the new Bankruptcy Code, limiting reviewability in the appeals courts to final orders,[1] I would refrain from deciding what has now become an essentially abstract legal debate whether a "proceeding" or a "controversy" is involved.[2] Although the difference between the majority's position and my own regarding appealability does not affect the ultimate result, I believe the wisest course is simply to dismiss the appeal as moot.
 
 
 
 *
 Honorable Stanley S. Brotman, United States District Court Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 Since Cantwell filed his petition in bankruptcy prior to October 1, 1979, to the extent relevant here, the provisions of the Bankruptcy Act rather than the new Bankruptcy Code, 11 U.S.C. §§ 101 et seq., apply. Bankruptcy Reform Act of 1978, Pub.L.No. 95-598 § 403, 92 Stat. 2683
 
 
 [2]
 Both the district court and this court refused to stay the district court's order. At oral argument, appellants' counsel informed us that the Supreme Court also refused to stay the order
 
 
 [3]
 It should be noted that under the new Bankruptcy Code, the jurisdiction of the courts of appeals is apparently limited to review of final orders. See 28 U.S.C. § 1293 (Supp. III 1979). Section 1293 is effective April 1, 1984 pursuant to the Bankruptcy Reform Act of 1978, Pub.L.No. 95-598 § 402(b), 92 Stat. 2682. See generally 1 Collier on Bankruptcy PP 3.03(7)(d)(v), 3.03(7)(e) (15th ed. 1980)
 
 
 [4]
 Appellants argue that this court may not consider these admitted facts since Cantwell's discharge and the appellants' failure to appeal from the discharge occurred after filing of the notice of appeal and are not of record. However, facts bearing on the issue of mootness can be raised at any time during the judicial proceedings. See, e. g., Samoff v. International Assoc. of Machinists District Lodge No. 1, 420 F.2d 952 (3d Cir. 1969), cert. denied, 398 U.S. 965, 90 S.Ct. 2171, 26 L.Ed.2d 548 (1970). See also, Note, Cases Moot on Appeal: A Limit on the Judicial Power, 103 U.Pa.L.Rev. 772 (1955)
 
 
 [5]
 The comparable provision of the Bankruptcy Code is found in 11 U.S.C. § 727(d) and (e) (Supp. III 1979)
 
 
 [1]
 See Majority Opinion at n.3
 
 
 [2]
 In my dissent in In re W. F. Breuss, Inc., 586 F.2d 983 (3d Cir. 1978), I maintained that whether the matter on appeal is determined to be a "proceeding" or a "controversy" should not be dispositive of the question of appealability. A concern for the effective administration of justice both to prevent the burdening of courts of appeal with trivial matters and to avoid the disruption of proceedings in the district courts led me to suggest that reviewability of interlocutory orders be limited to orders that involve substantive and definitive matters. Efforts to restrict piecemeal appeals and to confine exceptions to the final judgment rule the current legislative goal are best reinforced by declining to consider whether the order appealed from is nontrivial