

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2007

# Nelson v. NJ Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nelson v. NJ Dept Corr" (2007). *2007 Decisions*. Paper 1732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-97                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2140
_____

ANTHONY NELSON,

Appellant

v.

STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS;
COMMISSIONER DEVON BROWN

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05511)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal as Moot
January 11, 2007

BEFORE: SLOVITER, CHAGARES and NYGAARD, CIRCUIT JUDGES

(Filed: January 29, 2007)

_____

OPINION
_____

PER CURIAM

Anthony Nelson appeals the District Court's order denying his motion for

injunctive relief.  On November 8, 2004, Anthony Nelson filed an application for injunctive relief in the District Court.  Nelson alleged that the trial court in his criminal case changed the jury's verdict after the jury left the courtroom and that his challenges to his conviction led to threats from prison officials and attempts being made on his life.  He stated that he was beaten by correctional officers, drugged several times, and in May 2004, was poisoned by a nurse.[1]   He claimed that he subsequently experienced shortness of breath, headaches, and loss of consciousness and was denied medical treatment.  Nelson alleges that a simple blood test will establish the merits of his claim.  Nelson did not request compensatory or punitive damages; he requested the injunctive relief of removal from the custody of the New Jersey Department of Correction, protection from the defendants, and a blood test and medical care from a federal medical provider.

The District Court denied relief, and Nelson filed a timely notice of appeal.  He subsequently filed a motion for a stay or injunction pending appeal and a motion for access to the law library.  By order entered November 22, 2006, the Clerk ordered the parties to show cause why the appeal should not be dismissed as moot because Nelson had been released on parole.  Nelson filed a response.

In March 2006, Nelson was released on parole.  Thus, he is no longer in the

---

[1] According to documents Nelson submitted, he was given a tuberculosis test by this nurse in May 2004.

custody of the New Jersey Department of Corrections or the individual defendants.[2]

Nelson also requested relief in the form of medical treatment and a "simple blood test" by federal medical authorities; however, the named defendants cannot provide such relief.[3]

Now that Nelson has been released from the custody of the Department of Corrections, none of the relief he has requested can be provided by the defendants.[4] Therefore, we will dismiss the appeal as moot. See In re Cantwell, 659 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief."). Nelson's motions for injunctive relief and law library access are denied.

---

[2] Nelson argues that attempts have been made on his life since he was paroled. However, he does not give any details or allege that the defendants or the Department of Corrections were involved.

[3] Nelson submitted pages of blood test and urinalysis results from June and July 2004. While he does not explain their significance, the results demonstrate that he was given thorough blood and urine tests after the alleged poisoning in May 2004.

[4] Nelson also argues that the pendency of a petition for habeas corpus prevents this appeal from being moot. The pendency of the habeas petition does not affect this appeal; moreover, according to the electronic docket for the District Court for the District of New Jersey, the petition was dismissed by order entered December 11, 2006.