

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# Bruce Buccolo v. Thomas Orr

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1214

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bruce Buccolo v. Thomas Orr" (2009). *2009 Decisions.* Paper 1207.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1207

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1214
_____

IN RE:  LORI  BUCCOLO,

                                                  Debtor

THOMAS J. ORR,

                                         Trustee

                        vs.

BRUCE BUCCOLO,

                                                  Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-01036)
District Judge:  Honorable Mary L. Cooper

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges
Opinion filed: June 10, 2009

_____

OPINION
_____

1

PER CURIAM.

In January 2007, Thomas J. Orr, the appointed trustee in Lori Buccolo's bankruptcy case, file suit to evict Lori Buccolo's then-estranged husband, Bruce Buccolo ("Buccolo"), from the Buccolos' marital residence at 14 Conkling Street in Basking Ridge, New Jersey. In a preliminary ruling, the Bankruptcy Court decided that Bruce Buccolo could stay in the home until March 31, 2007, provided that he properly maintained the property and cooperated with agents trying to sell the home. If he did not leave thereafter, the U.S. Marshals were to remove him from the property. Buccolo appealed the decision to the District Court.

Ultimately, the District Court dismissed Buccolo's appeal for failure to prosecute and failure to file a brief in a timely fashion. Buccolo filed a motion for reconsideration, which the District Court denied. Buccolo appeals from the District Court's orders.

However, while Buccolo's District Court appeal of the preliminary eviction order was pending, proceedings continued in the Bankruptcy Court. In June 2007, the trustee won a default judgment against Buccolo. Buccolo appealed again to the District Court. Ultimately, the District Court dismissed Buccolo's appeal for failure to prosecute. We subsequently dismissed Buccolo's appeal of the District Court's decision pursuant to 28 U.S.C. § 1915(e)(2)(B). See In re Buccolo, No. 08-1215, slip op. at 4 (3d Cir. Jan. 22, 2009).

2

Because we dismissed the appeal of the District Court's order dismissing Buccolo's appeal of the default judgment against him, this appeal is now moot, as the trustee argues in his pending, unopposed motion to dismiss this appeal for lack of jurisdiction. Generally, we must dismiss an appeal as moot "'when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'" Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 151 (3d Cir. 1993) (quoting General Elect. Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992) (citing In re Cantwell, 639 F.2d 1050, 1053-54 (3d Cir. 1981)). Here, where the trustee has a valid default judgment for Buccolo's eviction, we cannot fashion any meaningful relief related to the appeal of the preliminary eviction order. See generally, id.

A federal court does not have the power to decide moot questions. See North Carolina v. Rice, 404 U.S. 244, 246 (1971). Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, we must dismiss the case for lack of jurisdiction. See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

Accordingly, we must dismiss this moot appeal for lack of jurisdiction.