**CLD-051**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2803
_____

SEAN L. SILCOX,
Appellant

v.

WILLIAM SCISM, WARDEN

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00189)
District Judge:  Honorable Malcolm Muir

_____

Submitted for Possible Dismissal as Moot
November 24, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: December 8, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Sean Silcox appeals the District Court's order denying his petition filed pursuant to

28 U.S.C. § 2241.  For the reasons below, we will dismiss the appeal as moot.

The procedural history of this case and the details of Silcox's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, Silcox challenged a disciplinary sanction which included the loss of good conduct time, revocation of his halfway house placement, and forfeiture of a sentence reduction after he was found guilty of making, possessing, or using intoxicants. He argued that the finding of the hearing officer was not supported by credible evidence and that the BOP failed to follow its own procedures and deprived him of a meaningful opportunity to respond to the charges. As relief, Silcox requested that his early release and good time credit be restored and he be immediately released from custody. The District Court denied the petition, and Silcox filed a timely notice of appeal.

According to the BOP's inmate locator, Silcox was released from prison on October 22, 2010. By order entered October 26, 2010, the Clerk requested that the parties address whether the appeal is moot in light of Silcox's release. Neither party has responded.

We conclude that the appeal is moot. Silcox sought relief which would result in his release from prison and he has been released from prison. There is now no effective relief that we could grant Silcox. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief.") . Accordingly, we will dismiss the appeal as moot.