DLD-195                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3525
_____

JESUS RODRIGUEZ-LEON,
                                        Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-01382)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2015

Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2015 )
_____

OPINION[*]
_____

PER CURIAM

    Jesus Rodriguez-Leon appeals the District Court's order denying his petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons below, we will dismiss the appeal as moot.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2011, Rodriguez-Leon was sentenced to 46 months in prison after being convicted of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326. In 2013, he filed a § 2241 petition seeking credit for time spent in custody prior to sentencing. The District Court denied the petition, and Rodriguez-Leon filed a notice of appeal. According to the Inmate Locator on the Bureau of Prisons website, Rodriguez-Leon was released on February 18, 2015. Because it appeared that Rodriguez had served his sentence, the parties were asked to address whether the appeal was moot. Appellee has filed a response,[1] but Rodriguez-Leon has not.[2]

Pursuant to Article III of the Constitution, a federal court may adjudicate only ongoing controversies or cases. Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). Rodriguez-Leon sought relief which would result in his earlier release from prison, and he has now been released from prison. There is no effective relief that we could grant him. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief."). Rodriguez-Leon has not argued that there are any collateral consequences caused by the denial of his sentencing credit. See Burkey, 556 F.3d at 148 (when a prisoner challenges a sentence that has been served, the appeal is moot unless he can show collateral consequences.)

---

[1] Appellee confirms that Rodriguez-Leon has been released.

[2] Rodriguez-Leon did not provide the Clerk with an updated address, and the Clerk's order requesting responses on mootness was returned with the notation "attempted not known unable to forward."

Accordingly, we will dismiss the appeal as moot.