ALD-382                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3092
_____

IN RE:  MONTEZ M. BOWENS,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2-14-cv-02689)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 18, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Filed: August 22, 2016)
_____

OPINION*
_____

PER CURIAM

Montez Bowens has filed a petition for a writ of mandamus seeking an order

directing the District Court to act on "pending motions."  For the reasons below, we will

dismiss the petition as moot.

In May 2014, Montez Bowens filed a civil rights complaint against several

defendants.  He subsequently amended the complaint.  By order entered June 15, 2016,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court granted a motion to dismiss filed by those defendants designated as "the Graterford defendants." Bowens filed a notice of appeal from that order. By order entered June 23, 2016, the District Court granted the summary judgment motion of the remaining defendants, Dr. Bratton and Dr. Martinez. Bowens has not filed an appeal from that order.

In his mandamus petition dated July 5, 2016, Bowens seeks an order directing the District Court to act upon what he believes are pending motions. He asserts that the District Court dismissed his amended complaint without ruling on these motions. It appears that he is referring to his oppositions to the motion to dismiss and motion for summary judgment. However, these filings were resolved when the District Court granted the motions to dismiss and for summary judgment. In its orders, the District Court noted that Bowen's oppositions to the motions were before it. That Bowen labeled his oppositions as "opposition motions" did not require the District Court to explicitly deny them.[1]

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

---

[1] In his opposition "motions," Bowen requested that the District Court deny the defendant's motions. He did not request any additional relief.

Because the District Court has resolved the motions for which Bowens seeks a ruling, there is no effective relief we can grant him, and his request is moot. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief.") Accordingly, we will dismiss the mandamus petition as moot.