**ALD-026**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3749
_____

IN RE:  RICARDO HERASHIO GATES,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 02-cv-02262)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2016

Before: MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 14, 2016 )
_____

OPINION*
_____

PER CURIAM

Ricardo Gates has filed a petition for a writ of mandamus seeking an order

directing the District Court to act on his motion filed pursuant to Federal Rule of Civil

Procedure 60(b).  For the reasons below, we will dismiss the petition.

In 2002, Gates filed a petition pursuant to 28 U.S.C. § 2254 challenging his state

court murder conviction.  The District Court dismissed the claims as untimely and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

procedurally defaulted. Although the District Court granted a certificate of appealability on the issue of the procedural default, we concluded that the claims were untimely, whether or not they were defaulted. See Gates v. Lavan, No. 03-1764, 116 F. App'x 340, *2 (3d Cir. Oct. 21, 2004).

On December 29, 2014, Gates filed a Rule 60(b) motion seeking to reopen his § 2254 proceedings. He challenged the District Court's previous determination that his habeas claims were procedurally defaulted. On January 28, 2016, the District Court denied the motion as without merit because the claims would still be untimely even if they were not procedurally defaulted. On September 29, 2016, Gates, apparently unaware that the District Court had already acted on his Rule 60(b) motion, filed this mandamus petition complaining of undue delay by the District Court.

Because the District Court has resolved the motion for which Gates seeks a ruling, there is no effective relief we can grant him, and his request is moot. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief."). Accordingly, we will dismiss the mandamus petition as moot.

---

constitute binding precedent.

2