DLD-307                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1148
_____

IN RE:  GREGORY GARRETT BROWN,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 1-16-cv-00166)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 20, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: August 31, 2017)
_____

OPINION*
_____

PER CURIAM

Gregory Garrett Brown petitions for a writ of mandamus directing the Magistrate

Judge to recuse herself from his District Court proceeding.  For the reasons below, we

will dismiss the petition as moot.

In June 2016, Brown filed a civil rights complaint.  In August 2016, he filed a

motion to recuse the Magistrate Judge based on his allegation that she was related to a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendant. The Magistrate Judge denied the motion because she determined that she was not related to any defendant. In December 2016, he again requested that the Magistrate Judge recuse herself, alleging that she owned stock in a corporation that profited from prison labor. He did not name a specific corporation or give any other details. The Magistrate Judge denied the motion for recusal, having determined that the allegations lacked merit. In January 2017, Brown filed yet another motion to recuse in which he asserted that the Magistrate Judge harbored a bias and prejudice against him and was willing to commit unspecified judicial atrocities on behalf of the defendants' attorney. He contended that the Magistrate Judge was so biased that she refused to read his pleadings and that a two-month delay in acting on one of his motions amounted to a violation of due process. The Magistrate Judge denied the motion as meritless.

Shortly before the Magistrate Judge denied his January 2017 motion to recuse, Brown filed this mandamus petition. He alleged that the Magistrate Judge conspired with the defendants' counsel to violate his rights. He requested that we direct the Magistrate Judge to be impartial or recuse herself from his case. He also requested that we order the District Court to appoint him counsel.

After Brown filed his mandamus petition, the District Court adopted the Magistrate Judge's Report and Recommendation and granted summary judgment for the defendants, as he had failed to properly exhaust the administrative process.[1] Because the

---

[1] Brown filed an appeal but the appeal was dismissed for failure to pay the filing fees.

District Court proceeding is finished, an order directing the Magistrate Judge to recuse herself or appointing counsel would have no effect on the proceedings.[2]  Because there is no effective relief we can grant him, his request for mandamus relief is moot and we will dismiss the petition.  See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief.").

See C.A No. 17-1541.

[2] In any event, Brown's bias allegations appear to have no basis other than his displeasure with the Magistrate Judge's rulings.  Such allegations do not form an adequate basis for recusal.  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).