Oriska Ins. Co. v. Avalon Gardens Rehabilitation & Health Care Center, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of October, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.
             WILLLIAM J. NARDINI,
                      *Circuit Judges*.

_____

ORISKA INSURANCE COMPANY,

          *Plaintiff-Appellant*,

          v.                                        19-3206

AVALON GARDENS REHABILITATION & HEALTH
CARE CENTER, LLC, DBA BROOKSIDE MULTICARE
NURSING CENTER, DBA OPTIMA CARE
SMITHTOWN, LLC, BAY PARK CENTER
NURSING & REHABILITATION, LLC, BROOKHAVEN
REHABILITATION & HEALTH CARE CENTER,
EASTCHESTER REHABILITATION & HEALTH CARE
CENTER, LLC, GARDEN CARE CENTER, INC.,
GOLDEN GATE REHABILITATION & HEALTH CARE
CENTER, LLC, LITTLE NECK CARE CENTER, LLC,
LITTLE NECK NURSING HOME, LLC, NASSAU OPERATING
COMPANY, LLC, DBA NASSAU EXTENDED CARE FACILITY
AND NASSAU REHABILITATION AND NURSING
CENTER/KINGSBRIDGE HEIGHTS RECEIVER, LLC,
NEW SURFSIDE NURSING HOME, LLC, NORTH SEA
ASSOCIATES, LLC, DBA THE HAMPTONS CENTER FOR

REHABILITATION AND NURSING, PARK AVENUE
OPERATING COMPANY, LLC, DBA PARK AVENUE
EXTENDED CARE FACILITY, PINEGROVE MANOR II, LLC,
DBA GRACE PLAZA NURSING AND REHABILITATION CENTER,
THROGS NECK OPERATING COMPANY, LLC, DBA THROGS
NECK EXTENDED CARE FACILITY, TOWNHOUSE OPERATING
COMPANY, LLC, DBA TOWNHOUSE CENTER FOR
REHABILITATION & NURSING, WILLOUGHBY
REHABILITATION & HEALTH CARE CENTER LLC, DBA SPRING
CREEK REHABILITATION & NURSING CARE CENTER, WOODMERE
REHABILITATION & HEALTH CARE CENTER, INC., DBA FIVE
TOWNS PREMIER REHABILITATION AND NURSING,
NISKAYUNA OPERATING CO LLC, DBA PATHWAYS
NURSING & REHABILITATION CENTER, PARKVIEW CARE AND
REHABILITATION CENTER, INC., BENT PHILIPSON, AS THE
PRINCIPAL PARTNER IN CONTROL OF
SENTOSACARE, LLC A/K/A SENTOSA GROUP, SENTOSACARE, LLC,
SAMUEL SCHLESINGER, INDIVIDUALLY AND AS PRINCIPAL
PARTNER AND AS OFFICER, DIRECTOR AND OWNER OF ALLSTATE
ASO, INC. AND ALLSTATE ADMINISTRATORS, LLC,
ALLSTATE ADMINISTRATORS, LLC, AKA ALLSTATE
ASO, LLC, ISAAC MULLER, INDIVIDUALLY AND AS AN
AGENT FOR THE DEFENDANTS HEREIN NAMED,
BAYVIEW MANOR LLC, DBA SOUTH POINT PLAZA
NURSING AND REHABILITATION CENTER, SHOREFRONT
OPERATING, LLC, DBA SEAGATE REHABILITATION & HEALTHCARE
CENTER, WHITE PLAINS CENTER FOR NURSING, LLC,

*Defendants-Appellees.*[1]

---

Appearing for Appellant:     Frank Policelli, Utica, NY.

                             Daniel Hitzke, Hitzke & Ferran, LLP, Long Beach, CA (*on the brief*).

Appearing for Appellees:     Christopher E. Buckey, Cullen & Dykman LLP (Timothy A. Chorba, Nicholas J. Faso, *on the brief*), Albany, NY.

                             Ira S. Lipsius, Lipsius-BenHaim Law LLP, Kew Gardens, NY (*on the brief*).

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal **DISMISSED**.

Oriska Insurance Company appeals from the September 4, 2019 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) affirming the November 21, 2018 decision and order of that same court (Peebles, *M.J.*) disqualifying attorney James Kernan from representing Oriska in the instant litigation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We dismiss the appeal as moot. The federal claims in the complaint were dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and the district court declined to exercise supplemental jurisdiction over the state law claims. *See Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, 6:18-CV-1030, 2019 WL 4195267 (N.D.N.Y. Sept. 4, 2019). On appeal, Oriska makes arguments only regarding the district court's affirmance of the November 21, 2019 decision and order of the magistrate judge disqualifying Kernan from representing Oriska. By abandoning its appeal of all other issues, Oriska has mooted this appeal.

Article III limits federal-court jurisdiction to "cases and controversies," which requires that "an actual controversy be extant at all stages of review, not merely at the time the complaint is filed." *Campbell–Ewald Co. v. Gomez*, 136 S.Ct. 663, 669 (2016) (internal quotation marks, alteration, and citation omitted). For an appeal to "satisfy the case-or-controversy requirement," an appellant must "have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999)."If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald*, 136 S. Ct. at 669 (internal quotation marks and citation omitted).

By challenging only Kernan's disqualification, Oriska mooted its appeal. Even assuming this Court were to all of the relief sought on appeal—finding that Kernan was wrongly disqualified and allowing him to represent Oriska—that would leave the complaint dismissed for failure to state a claim. By failing to raise any argument as to any other issues Oriska leaves no avenue for this Court to change the underlying outcome for Oriska. *See, e.g.*, *United States v. Neumann*, 556 F.2d 1218, 1219 (5th Cir. 1977) ("Because Neumann is challenging the denial of his chosen lay counsel in a trial that has already taken place, and because we could not now alter in any way the final judgment that issued from that trial, the matter of his representation in that trial is moot within the context of the present case.").

We have considered the remainder of Oriska's arguments and find them to be without merit. Accordingly, the appeal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk